UNITED STATES COURT OF APPEALS
**Filed 11/29/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

       v.

RONN DARNELL STERLING,

    Defendant-Appellant.

No. 96-6008
(D.C. No. CR-95-119-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, HOLLOWAY, and BRISCOE, Circuit Judges.

Ronn Darnell Sterling appeals his convictions of bank robbery, 18 U.S.C. § 2113(a) and (d), carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Sterling contends there was insufficient evidence that First Enterprise Bank was insured by FDIC at the time of the robbery, and that the district court erred in admitting evidence that he threatened the government's principal witness. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

When sufficiency of the evidence is challenged on appeal, this court must view the evidence in the light most favorable to the government to determine whether any rational factfinder could have found the defendant guilty beyond a reasonable doubt. E.g., United States v. Reece, 86 F.3d 994, 995 (10th Cir. 1996).

Sterling does not challenge the sufficiency of the evidence generally, but argues testimony regarding the insured status of the bank was insufficient to prove that element of the crime of bank robbery. Proof that the institution robbed was insured by FDIC establishes an essential element of an 18 U.S.C. § 2113 violation. See 18 U.S.C. § 2113(f) (defining "bank" to include "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation").

Evidence of the bank's insured status was presented through the testimony of Donna Terbush, an auditor at the bank. Her testimony was clearly sufficient to meet the government's burden of proof. There is ample evidence to support Sterling's conviction.

## II.

During cross-examination, Josue Jerome Walton, a confessed participant in the robbery and a witness for the government, was asked by defense counsel: "Is it true that you need protection if you give the names of the robbers that committed this bank robbery with you?" Walton responded, "I don't need it but I do believe he might try to do something to my family. I've been threatened once." Vol. II at 169. During redirect examination, the prosecutor sought to introduce Walton's testimony regarding the threats made against him. Sterling's counsel objected, arguing it was more prejudicial than probative. The district court permitted Walton to testify as follows:

> In the van on the way over here, he was calling me a rat and a snitch and then he said my son was going to grow up just like me to be a little snitch. Then he said,

he kept going on and on about that. Calling me a rat and stuff. When we got upstairs, when he was leaving coming down to court, he turned and said, "If nothing can happen to you don't mean it can't happen to someone else, because I still got people out there." That was it.

Vol. III at 311. Sterling argues on appeal that this evidence was irrelevant to any issues in the case and that it was improperly admitted as evidence of other bad acts, contrary to Fed. R. Evid. 404(b). The government argues the testimony was introduced under the rule announced in United States v. Smith, 629 F.2d 650, 651 (10th Cir.), cert. denied 449 U.S. 994 (1980): "Evidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a direct connection is established between the defendant and the threat."

We review the district court's admission of evidence for abuse of discretion and will not disturb its decision unless we reach a definite and firm conviction that the court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Snow, 82 F.3d 935, 943 (10th Cir. 1996) (citations omitted).

Clearly, evidence of a defendant's threat to a prosecution witness is evidence of a wrong, which is inadmissible under Rule 404(b) when introduced to show a defendant's character in order to establish action in conformity therewith. However, such evidence is properly admissible to show consciousness of guilt. See United States v. Esparsen, 930 F.2d 1461, 1476 n. 16 (10th Cir. 1991), cert. denied 502 U.S. 1036 (1992) (consciousness of guilt relevant to motive, intent, plan, and knowledge under Rule 404(b) such that threats properly admissible). This evidence was highly relevant and probative. Sterling's statements to Walton that Walton was a "snitch" indicate not that Sterling believed

Walton to be accusing Sterling falsely, but only viciously.  The district court did not abuse its discretion.

       AFFIRMED.

                                 Entered for the Court

                                 Mary Beck Briscoe
                                 Circuit Judge