**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

RONN D. STERLING,

      Defendant - Appellant.

No. 99-6161
(D.C. No. 95-CR-119-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Sterling, an inmate appearing pro se, appeals the denial of his motion to file a habeas petition, 28 U.S.C. § 2255, outside the one-year limitations period. Mr. Sterling was convicted of various offenses, including bank robbery, 18 U.S.C. §2113(a) & (d), and sentenced to 160 months. This court upheld his conviction, United States v. Sterling, No. 96-6008, 1996 WL 685663 (10th Cir.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Nov. 29, 1996) (unpublished), which became final when the Supreme Court denied certiorari on October 6, 1997, Sterling v. United States, 118 S.Ct. 209 (1997).

Mr. Sterling filed a motion for "enlargement of time" on September 17, 1998, which was dismissed "because it is not clear what deadline defendant seeks to have extended." R. doc. 147. He subsequently filed a "Motion for Enlargement of Time to File § 2255 Motion" on October 2, 1998 requesting a thirty day extension to file his habeas petition. The district court denied this motion on the merits. See R. doc. 149. In the beginning of November 1998, Mr. Sterling filed a "Motion for Leave to File § 2255 Out of Time." The district court denied the motion, R. doc. 151, and Mr. Sterling appeals. We affirm.

As a statute of limitations, the one year bar in § 2255 is subject to equitable tolling but only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Mr. Sterling relies upon prison lockdowns, during which the law library

was unavailable to prisoners, for circumstances warranting equitable tolling. These lockdowns lasted for a combined total of thirty one days, the period Mr. Sterling argues the statute of limitations should be tolled.

Inability to access legal materials for a period of thirty one days does not rise to the level of "rare and exceptional circumstances." See Wright v. Smith, No. 98-6324, 1999 WL 92283 (10th Cir. Feb. 24, 1999) (unpublished). To invoke equitable tolling on these grounds, Mr. Sterling would at least have to demonstrate an actionable claim precluded by lack of access, cf. Lewis v. Casey, 518 U.S. 343, 356 (1996), and this he has not done. Nor did Mr. Sterling diligently pursue his federal habeas claim as required by Miller. There was a lack of activity from October 6, 1997 until his first motion for extension of time on September 17, 1998, a mere three weeks before the end of the limitations period.

We DENY Mr. Sterling's application for a certificate of appealability, DENY his motion to proceed without prepayment of costs or fees and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge