**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONN STERLING,

Defendant - Appellant.

Nos. 06-6081 & 06-6112

W.D. Oklahoma

(D.C. No. CR-95-119-M)

**ORDER AND JUDGMENT***

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Ronn Sterling, a federal prisoner appearing *pro se,* appeals from the district
court's denial of his "Motion for Order to Remit Fine/Restitution" pursuant to

---

*This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Rule 35 of the Federal Rules of Criminal Procedure.[1]  The district court denied

the motion because it was not filed within seven days after sentencing as required

by Rule 35(a).  Sterling filed a notice of appeal and an application to proceed *in*

*forma pauperis* (*ifp*) on appeal.  The district court denied Sterling's *ifp* motion

pursuant to 28 U.S.C. § 1915(a)(3), concluding his appeal was not taken in good

faith.  Sterling then appealed the district court's denial of his *ifp* application and

renewed his *ifp* application with this Court.  Exercising jurisdiction under 28

U.S.C. § 1291, we AFFIRM.

## I. Background

On October 18, 1995, a jury found Sterling guilty of bank robbery in

violation of 18 U.S.C. § 2113(a) & (d), carrying a firearm during and in relation

to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On December 19,

1995, the district court sentenced Sterling to a total of 160 months imprisonment.

Additionally, the district court ordered Sterling to pay First Enterprise Bank

$14,000.00 in restitution.  The district court waived the payment of a fine because

of Sterling's inability to pay both a fine and restitution.[2]

---

[1]  Because Sterling appears *pro se*, we construe his pleadings liberally.
*Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] In the Judgement and Commitment Order, the district court checked a box
which states: "Fine is waived or is below the guideline range, because of the
defendant's inability to pay both a fine and restitution.  Community Service is not
ordered in lieu of a fine as the court finds that the defendant is not a suitable

Sterling appealed his conviction, but not his sentence. We upheld Sterling's conviction and the U.S. Supreme Court denied certiorari on October 6, 1997. *See United States v. Sterling*, 103 F.3d 145 (10th Cir. 1996) (unpublished), *cert. denied,* 522 U.S. 882 (1997). In March 1999, the district court denied Sterling's motion to file a 28 U.S.C. § 2255 habeas petition outside the one-year limitations period. Subsequently, we denied his application for a certificate of appealability to appeal this denial. *See United States v. Sterling*, 198 F.3d 260 (10th Cir. 1999) (unpublished), *cert. denied*, 529 U.S. 1078 (2000).

In July 2004, Sterling began sending a series of letters to the Clerk of the District Court seeking clarification of information on his criminal docket sheet. The district court construed these letters as motions for clarification and denied them because the statements in question were self-explanatory. Sterling followed up with a letter on December 13, 2004, asserting the Bureau of Prisons (BOP) was demanding he pay the restitution. In his opinion, both the fine and restitution were waived at sentencing. Sterling requested the district court write a letter to the BOP supporting his view. On December 28, 2004, the district court issued an order informing him it would only consider papers properly filed or delivered in accordance with the applicable federal and local rules. In a footnote, the court indicated Sterling is responsible for the restitution and attached a copy of the judgment.

candidate." (R. Vol. I, Doc. 93 at 5.)

In October 2005, Sterling filed a "Motion for Order to Remit Fine/ Restitution" pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Sterling asserted the fine/restitution portion of his sentence was clearly erroneous and an abuse of discretion based on the court's failure to consider the requirements of 18 U.S.C. §§ 3663 and 3664.[3] In Sterling's opinion, the bank's insurance proceeds and the money collected from his co-defendants more than compensated First Enterprise Bank for its losses. Additionally, Sterling argued the restitution order should be vacated because the district court determined he could not afford to pay a fine and he had been incarcerated for ten years. The government responded that Rule 35(a), as interpreted by *United States v. Green,* deprived the district court of jurisdiction to grant Sterling relief because more than seven days had elapsed since sentencing. 405 F.3d 1180 (10th Cir. 2005). The district court agreed. Sterling appealed and filed a motion to proceed *ifp* on appeal which the district court denied pursuant to 28 U.S.C. § 1915(a)(3) because his appeal was not taken in good faith. Thus, there are two appeals presently before us. The first (Appeal No. 06-6081) challenges the district court's denial of Sterling's motion to remit and the second (Appeal No. 06-6112) contests the

---

[3] The pertinent language of 18 U.S.C. § 3663(a)(1)(B)(i) states: "The court, in determining whether to order restitution under this section, shall consider-- (I) the amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate."

district court's denial of leave to proceed *ifp* in Appeal No. 06-6081. We consolidated Sterling's appeals for procedural purposes.

## II. Discussion

A.  Appeal No. 06-6081:  Denial of Motion to Remit

Rule 35(a) of the Federal Rules of Criminal Procedure provides:  "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Sterling did not ask the district court to correct his sentence until approximately ten years after sentencing.  Clearly Sterling's motion is untimely.  Here, the district court relied on *United States v. Green* to determine it lacked jurisdiction under Rule 35(a) to remit its order.  405 F.3d 1180.  We review *de novo* the district court's jurisdictional determination. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

In *Green*, we determined a district court lacks jurisdiction under Rule 35(a) to resentence a defendant more than seven days after the court orally imposes a sentence.  405 F.3d at 1185-87.  *Eberhart v. United States* calls into doubt the jurisdictional nature of Rule 35(a)'s time limits.  546 U.S. 12 (2005).  Even assuming Rule 35(a) is not jurisdictional but rather a non-jurisdictional claim-processing rule subject to forfeiture, the government properly raised it. Therefore, the district court properly dismissed Sterling's Rule 35 motion to remit.

To the extent Sterling's Rule 35(a) motion should have been recharacterized as a 28 U.S.C. § 2255 petition, it is outside the one-year statute of limitations. *See* 28 U.S.C. § 2255. The district court appropriately denied his request to file a § 2255 petition. Moreover, Sterling could not challenge the restitution portion of his sentence in a § 2255 petition because he did not raise it on direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Nothing presented in the record persuades us that actual prejudice or a fundamental miscarriage of justice would occur if Sterling's claim is not addressed. Sterling had the opportunity to address this issue on direct appeal and he cannot use Rule 35 or § 2255 as an end run around the direct appeal process.

B. Appeal No. 06-6112: Denial of Leave to Proceed *Ifp*

After the district court denied his "Motion for Order to Remit Fine/Restitution" Sterling filed a notice of appeal and an application to proceed *ifp* on appeal. The district court denied his *ifp* application pursuant to 28 U.S.C. § 1915(a)(3), concluding the appeal was not taken in good faith because Sterling presented frivolous issues that involve inarguable legal conclusions. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Sterling appealed the denial of his *ifp*

application and renewed his motion for leave to proceed *ifp* with this Court. *See* Fed. R. App. P. 24(a)(5).

In his opening brief, Sterling raises no claims of error with respect to the district court's denial of his request to proceed *ifp*. Nevertheless, appealing the denial of his *ifp* application is not the proper procedure in this situation. Instead, Rule 24(a)(5) of the Federal Rules of Appellate Procedure allows Sterling to renew his *ifp* application with this Court, as he has done. This conclusion is bolstered by the Advisory Committee's Notes to the 1967 adoption of Rule 24:

> [Rule 24(a)(5)] establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court. The simple and expeditious motion procedure seems clearly preferable to an appeal. [Rule 24(a)(5)] applies only to applications for leave to appeal in forma pauperis. The order of a district court refusing leave to *initiate* an action in the district court in forma pauperis is reviewable on appeal. See *Roberts v. United States District Court*, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950).

Fed. R. App. P. 24 advisory committee's note (emphasis added). Therefore, we will simply address Sterling's renewed application with this Court. We have reviewed his contentions and adopt the district court's finding that this appeal is not taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 446 (1962). We deny Sterling's motion to proceed *ifp* on appeal and order him to immediately remit the full amount of the filing fee. We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed. *See Kinnell v. Graves,*

265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

For the forgoing reasons we AFFIRM Appeal No. 06-6081, DISMISS Appeal No. 06-6112 and DENY Sterling's renewed application to proceed *ifp* on appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge