**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRADFORD WAYNE SNEDEKER, SR.,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; ANJALI NANDI; DENISE MERTZ; ANGELA CAMPBELL; JENNIFER BAUMGARDNER; DOUGLAS WILSON; MEGAN RING; APRIL COLEMAN; NELISSA MILFELD; HILARY BERNARD; FRANK WIEGLE; NICOLE COLLINS; MATT MCCONNELL; SCOTT MCCOMAS; BEN COLLETT; MARC MALAVITZ; GREG FRIEDMAN; STANLEY GARNETT; MICHAEL DOUGHERTY; SEAN FINN; JEAN; VAN NICE; JACK PETERS; CHRISTINE RINKE; JANE WALSH; MARK HUSMANN; DOLORES MALLARD, Judge; PATRICK BUTLER, Judge; PATRICK FRANCIS MULIVAHILL, Judge; BAKKE, Judge; MONTGOMERY, Judge; JIM TANNER; STERLING CORRECTIONAL FACILITY; CROWLEY COUNTY CORRECTIONAL FACILITY; CORE CIVIC; CURTIS JOHNSON; DEBBIE CROSSER; MARIO CANO; AMIE TATE; MERIDETH MCGRATH; SHEILA PASWATERS; BOULDER COUNTY,

No. 24-1173
(D.C. No. 1:23-CV-00178-CNS-SBP)
(D. Colo.)

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.

---

Mr. Bradford Wayne Snedeker, Sr. was convicted in state court of securities fraud. After getting out of prison, he sued pro se, invoking 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. § 1964.[1] In invoking these laws, Mr. Snedeker

- attributed his conviction to a conspiracy and

- claimed unconstitutional conditions of confinement.

A magistrate judge recommended dismissal of

- the claims challenging the prosecution based on the *Rooker-Feldman* doctrine and the Eleventh Amendment and

- the claims involving conditions of confinement for failure to state a valid claim.

---

[*]     The parties don't request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]     Mr. Snedeker also asserted claims under Colorado law and 28 U.S.C. § 1495. But he doesn't address these claims in the appeal.

Mr. Snedeker objected to part of the recommendation, but the district judge overruled the objections. We affirm.

## I.    Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The district court ruled that the Eleventh Amendment bars Mr. Snedeker's statutory claims against the State of Colorado and state officials in their official capacities.

On appeal, Mr. Snedeker argues that RICO abrogates the states' Eleventh Amendment immunity. But Mr. Snedeker didn't make this argument when he objected to the magistrate judge's recommendation.

We generally consider an argument waived when it's omitted in an objection to a magistrate judge's recommendation. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue . . . for appellate review."); *see also Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) ("Although sovereign immunity and hence subject matter jurisdiction are at issue in this case, our responsibility to ensure even sua sponte that we have subject matter jurisdiction before considering a case differs from our

discretion to eschew untimely raised legal theories which may support that jurisdiction.").

An exception exists when the interests of justice require appellate review.[2] *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). To determine whether this exception applies, we consider

- a pro se litigant's effort to comply,

- the plausibility of the party's explanation for failing to comply, and

- the importance of the issue.

*Johnson v. Reyna*, 57 F.4th 769, 778 (10th Cir. 2023).

Mr. Snedeker didn't argue in his objection that RICO had abrogated Eleventh Amendment immunity. Rather than give a reason for that omission, he says that he raised the argument when objecting to the magistrate judge's recommendation. But he provides no citation, and this argument doesn't appear in his objection.

In addressing the importance of the issue, we consider whether Mr. Snedeker's argument would satisfy the standard for *plain error*. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005); *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). An error is ordinarily

---

[2]   Another exception applies when the district court fails to tell a pro se litigant when the objection is due or that a failure to timely object could result in a waiver. *Duffield*, 545 F.3d at 1237. But Mr. Snedeker doesn't invoke this exception.

*plain* only when it conflicts with (1) a precedent that is "directly in point" or (2) a consensus in other circuits. *United States v. Smith*, 815 F.3d 671, 675 (10th Cir. 2016).

We lack any precedents stating that RICO has abrogated Eleventh Amendment immunity. The resulting question is whether a consensus exists elsewhere. To show a consensus, Mr. Snedeker provides numerous citations of cases purporting to recognize RICO's abrogation of Eleventh Amendment immunity. But these cases don't hold what Mr. Snedeker says they do. For example, Mr. Snedeker relies on

- *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976),

- *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159 (10th Cir. 2012),

- *Robinson v. Volvo Group North America, LLC*, No. 1:20-cv-03315, 2021 WL 3771843 (D. Colo. Aug. 25, 2021),

- *Becker v. Kroll*, 340 F. Supp. 2d 1230 (D. Utah 2004), and

- *Feld Entertainment Inc. v. American Society for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288 (D.D.C. 2012).

First, Mr. Snedeker purports to quote *Fitzpatrick v. Bitzer*: "Congress has abrogated the States' immunity under the Eleventh Amendment from suits brought by private individuals to enforce the substantive provisions of RICO." Appellant's Opening Br. at 21. This quote does not exist in *Fitzpatrick*. There the Supreme Court examined Title VII, not RICO. *See Fitzpatrick*, 427 U.S. at 447–48.

5

Second, Mr. Snedeker purports to quote *Muscogee (Creek) Nation v. Pruitt*: "The Supreme Court has found the Eleventh Amendment inapplicable to certain federal statutes, such as the Bankruptcy Code and RICO." Appellant's Opening Br. at 21. *Muscogee* does not contain this quote. There the court discusses the Eleventh Amendment in connection with a challenge to state regulations on tribal lands. *See Muscogee*, 669 F.3d at 1162. The opinion does not mention RICO or the Bankruptcy Code.

Third, Mr. Snedeker purports to quote *Robinson v. Volvo Group North America, LLC*: "The Supreme Court has held that RICO . . . abrogated the States' sovereign immunity under the Eleventh Amendment." Appellant's Opening Br. at 21. This opinion does not exist, and the cited case number involves different parties.

Fourth, Mr. Snedeker purports to quote *Becker v. Kroll*: "RICO abrogates state sovereign immunity, such that a state can be a named defendant in a RICO action." Appellant's Opening Br. at 21. *Becker* does not contain this language or mention RICO. 340 F. Supp. 2d 1230 (D. Utah 2004).

Fifth, Mr. Snedeker cites *Feld Entertainment Inc. v. American Society for the Prevention of Cruelty to Animals*, stating that it "rejected the argument that RICO claims against a state government and state officials, were barred by the Eleventh Amendment." Appellant's Opening Br. at 22.

6

*Feld* contains no such analysis and doesn't address a claim involving a state government or state officials. 873 F. Supp. 2d 288 (D.D.C. 2012).

These citations do not reflect actual holdings or otherwise support Mr. Snedeker's argument for abrogation of Eleventh Amendment immunity through RICO. Consequently, Mr. Snedeker hasn't shown that the issue is sufficiently important to trigger the exception for the interests of justice.

Because Mr. Snedeker hasn't satisfied the exception for the interests of justice, he has waived appellate review by failing to raise the issue when objecting to the magistrate judge's recommendation. Given this waiver, we reject Mr. Snedeker's appellate argument on Eleventh Amendment immunity.

## II.    *Rooker-Feldman* Doctrine

Mr. Snedeker points out that the Eleventh Amendment does not shield the defendants from suit when they are sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991). The district court concluded, however, that the *Rooker-Feldman* doctrine barred Mr. Snedeker's challenges to the prosecution. In addressing that conclusion, we conduct de novo review. *See Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007).

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus.*

*Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted). So the *Rooker-Feldman* doctrine applies "if an element of the claim [is] that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). In the district court's view, these principles prevent civil liability.

Mr. Snedeker argues that he's presenting claims independent of the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). To address this argument, we focus on the claims alleged in the complaint.

There Mr. Snedeker alleged

- unlawful arrest for crimes that he did not commit,

- unlawful charges by the grand jury,[3]

- drunkenness on the part of the trial judge,

- ineffective assistance of counsel for refusing to seek recusal of the state trial judge,

- illegal search of bank accounts,

- erroneous instructions to the jury in state court, and

- imposition of an unlawful sentence.

---

[3]    In his reply brief, Mr. Snedeker insists the grand jury never indicted him for securities fraud. But his complaint and appellate opening brief say the opposite. *See* R. vol. 2 at 68–69, ¶¶ 70–73; Appellant's Opening Br. at 9.

He summarized these allegations: "Because of this deliberately illegal investigation, trial, and sentencing, as set forth herein, Plaintiff was incarcerated for over eight (8) years . . . ." R. vol. 2 at 82, ¶ 145. Finally, in his prayer for relief, he requested "an order stating that [he] was unlawfully and unjustly convicted of securities violations in Colorado." *Id.* at 116.

Although Mr. Snedeker characterizes the claims as independent of his conviction, he is asking a federal court to review the lawfulness of that conviction. The district court was thus right to dismiss these claims under the *Rooker-Feldman* doctrine.[4]

## III.    Conditions of Confinement

Mr. Snedeker also claimed unconstitutional conditions of confinement.

---

[4]    In district court, Mr. Snedeker alleged other violations taking place in state-court proceedings. The court abstained on the claims involving ongoing state-court proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that an injunction against an ongoing state-court criminal prosecution was impermissible).

On appeal, Mr. Snedeker argues in his reply brief that the district court erred in abstaining. But Mr. Snedeker didn't make this argument in his opening brief. By waiting until his reply brief, Mr. Snedeker waived the argument. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).

### A.    Fourteenth Amendment (claim against the Sheriff and Boulder County)

Mr. Snedeker claims that a county sheriff (Curtis Johnson) violated the Eighth Amendment by acting with deliberate indifference. Because Mr. Snedeker was a pretrial detainee, the applicable amendment is the Fourteenth rather than the Eighth. *See Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). But the same standard applies. *Id.*

Mr. Snedeker alleges danger from the Sheriff's policies. The magistrate judge recommended dismissal of the corresponding claims for failure to plausibly plead

- an actual harm caused by the allegedly dangerous conditions,

- an objectively serious danger, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating that a prison-conditions claim requires a deprivation that is "objectively, sufficiently serious" (internal quotation marks omitted)),

- the Sheriff's subjective awareness of the danger, *see id.* at 837 (holding that a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety"), or

- the Sheriff's personal participation, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Mr. Snedeker objected to the recommendation, arguing that he should have had a chance to present evidence of serious medical conditions. But he said nothing about the magistrate judge's reliance on a failure to plead actual harm, an objectively serious condition, awareness of the danger, or

10

personal participation. So Mr. Snedeker waived any appellate challenge to these reasons for dismissal. *See* Part I, above. Given this waiver, we reject Mr. Snedeker's challenge.

### B. Eighth Amendment (claims against CoreCivic and Sterling Correctional Facility)

Since the conviction in 2015, Mr. Snedeker was housed in facilities operated by CoreCivic and Sterling Correctional Facility. Mr. Snedeker alleges that the conditions in these facilities endangered his health and safety. The magistrate judge recommended dismissal of these claims. Mr. Snedeker objected, but the district judge overruled the objections.

On appeal, Mr. Snedeker explains why he believes he adequately alleged constitutional violations. But he failed to make these arguments when he objected to the magistrate judge's recommendation. So Mr. Snedeker waived these arguments. *See* Part I, above.

Mr. Snedeker argues that enforcing the waiver would create a miscarriage of justice. For this argument, Mr. Snedeker insists that the magistrate judge decided the issue sua sponte. But even if the magistrate judge had done so, Mr. Snedeker had a chance to object, and he did so. His problem is that he didn't include this issue in his objection to the magistrate judge's recommendation. Given Mr. Snedeker's chance to object, we conclude that enforcement of the waiver wouldn't create a miscarriage of justice.

### C.    Transportation (claim against the Sheriff and Boulder County)

In his reply brief, Mr. Snedeker alleges mistreatment in 2019, referring to his ride to the jail after a hospital visit. Appellant's Reply Br. at 15. This allegation is new.

In the complaint, Mr. Snedeker alleged that he had no seatbelt when driven to and from the jail in 2015, causing him to fall and injure himself on one occasion. R. vol. 2 at 82, ¶ 150. The magistrate judge didn't mention this allegation, and Mr. Snedeker didn't object to the omission in the magistrate judge's recommendation. So the district judge didn't say anything about this allegation.

In his opening appellate brief, Mr. Snedeker didn't mention the lack of a seat belt. Nor did he do so in his reply brief. There, however, Mr. Snedeker made a different allegation about his transportation. Rather than complain about the lack of a seatbelt in 2015, Mr. Snedeker alleged in his reply brief that he had injured himself in 2019 when entering a van while drowsy from medication. Appellant's Reply Br. at 15. But Mr. Snedeker didn't mention this allegation in his complaint or in his opening appellate brief. So this allegation was doubly waived. *See* pp. 3–7, 9 n.4, above. Given the waivers, we reject this allegation as a basis for reversal.

## IV.    Bias of the Magistrate Judge

Finally, Mr. Snedeker argues that the magistrate judge acted with bias by advocating on behalf of the defendants. But Mr. Snedeker did not include this argument in his objection to the magistrate judge's recommendation. So we reject this argument based on waiver. *See* pp. 3–7, above.

## V.    Leave to Proceed in Forma Pauperis

Mr. Snedeker moved in district court for leave to proceed in forma pauperis on appeal. 28 U.S.C. § 1915(a). The court denied this motion, and Mr. Snedeker appealed this ruling and filed a new motion in our court for leave to proceed in forma pauperis.

When the district court denies leave to proceed in forma pauperis, the proper procedure is to file a new motion in our court rather than appeal the district court's ruling. Fed. R. App. P. 24, adv. comm. notes (1967); *United States v. Sterling*, 225 F. App'x 748, 751–53 (10th Cir. 2007). So we decline to consider Mr. Snedeker's appeal from the denial of leave to proceed in forma pauperis. But we grant Mr. Snedeker's motion filed in this court to proceed in forma pauperis.

\* \* \*

We affirm the dismissal and grant leave to proceed in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge