**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GARY MULLANE,

      Defendant-Appellant.

No. 06-3362
(D.C. Nos. 05-CV-3444-WEB and
03-CR-10040-WEB)
(District of Kansas)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

On September 23, 2003, Gary Mullane pled guilty to possession with intent to distribute marijuana and was sentenced to 100 months' imprisonment by the United States District Court for the District of Kansas. *See* 21 U.S.C. § 841(a), (b)(1)(B). Following the denial of his direct appeal, Mr. Mullane, proceeding *pro se*, moved the district court to set aside his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. On September 13, 2006, the district court issued a detailed memorandum and order granting Mr. Mullane's motion in part and denying it in part.

On October 2, 2006, prior to the district court's resentencing on the sole meritorious issue presented in Mr. Mullane's Section 2255 motion,[1] Mr. Mullane filed a notice of appeal seeking review of that portion of the district court's memorandum and order denying his Section 2255 motion. In response, the district court issued an order denying Mr. Mullane a certificate of appealability ("COA") on those claims. *See* Order, No. 03-10040-02-WEB (D. Kan. Oct. 16, 2006). On November 3, 2006, Mr. Mullane filed a letter with this Court stating that he was proceeding *pro se* and was "confused on what . . . to do next"; he also requested appointment of an appellate attorney to "see if the issues [he] is appealing have any validity." Subsequently, Mr. Mullane supplemented his filings in this Court with an application for a COA, seeking to appeal those ineffective assistance of counsel claims denied by the district court.

✳   ✳   ✳

Our first task in this case is to assess whether we have jurisdiction to hear it. Section 2253(c)(1) requires that an appeal of a Section 2255 proceeding be taken from a final order. Court rules provide that a notice of appeal must be filed with the district clerk within 30 days after entry of the final amended judgment and that such notice identify the party taking the appeal, the judgment or order appealed, and the name of the court to which the appeal is taken. Fed. R. App. P.

---

[1] The district court subsequently amended the judgment and reduced Mr. Mullane's sentence to 92 months on October 26, 2006.

3; *see also* Fed. R. App. P. 4(a)(1). Here, Mr. Mullane filed his "notice of appeal" with the district court prematurely; that is, after his sentence had been vacated and prior to the district court's resentencing and entry of the final amended judgment. *See* 28 U.S.C. § 2253(c)(1); *see also Andrews v. United States*, 373 U.S. 334, 340 (1963) (until a defendant is resentenced pursuant to an order granting a Section 2255 motion, there is no final disposition of the Section 2255 proceeding). However, his November 3, 2006 letter requesting appointment of counsel to assist him in his appeal *was* filed within 30 days after entry of the final amended judgment and meets the requirements of Rule 3 with the exception that it was filed in this Court and not with the district court.

Where, as here, the defendant is proceeding *pro se*, the Supreme Court has instructed that "[c]ourts will liberally construe" the notice requirements and "a court may nonetheless find that the litigant" complied with the rule although the "papers are technically at variance with the letter of" the rule. *Smith v. Barry*, 502 U.S. 244, 246-49 (1992) (quotation omitted). We find that Mr. Mullane's timely letter requesting appointment of appellate counsel was the "functional equivalent" of a notice of appeal. *See id.* at 246-49 (the court held that an informal brief timely filed with the court of appeals that otherwise met the notice requirements constituted a notice of appeal); *see also Fleming v. Evans*, No. 06-6110, __ F.3d __, 2007 WL 970163, at *2 (10th Cir. April 3, 2007) (holding that although the *pro se* litigant filed a premature and thus untimely notice of appeal,

his timely combined motion – requesting leave to proceed on appeal without prepayment of costs and a COA – was the "functional equivalent" of a notice of appeal); Fed. R. App. P. 4(d) (providing that a notice of appeal mistakenly filed in the court of appeals is considered filed in the district court on the date the clerk of the court of appeals notices it was received).[2]

\* \* \*

Turning from our jurisdiction to the substance of Mr. Mullane's COA application, Congress has instructed that we may review a district court's denial of a Section 2255 motion only if a judge first issues a COA; in turn, such a certificate may be properly issued only if the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under our rules, the defendant must present the COA issue, in the first instance, to the district court; in this case, the district court issued an order denying Mr. Mullane a COA on the claims appealed to us. *See* Order, No. 03-10040-02-WEB (D. Kan. Oct. 16, 2006); *see also* 10th Cir. R. 22.1(C). Based on our independent review of the record in this case, including Mr. Mullane's Section 2255 motion papers, we agree that he has not met the threshold set by Congress for the issuance of a

---

[2] Because we find that, by his November 3, 2006 letter, Mr. Mullane effectively submitted a timely notice of appeal, we find it unnecessary to determine whether Rule 4(a)(2) of the Federal Rules of Appellate Procedure would have rendered timely his premature, October 2, 2006, notice of appeal. In accordance with Rule 4(d), the clerk of this Court is directed to send the November 3, 2006 notice of appeal to the district court for filing.

COA and do so for substantially the same reasons outlined in the district court's September 13, 2006 memorandum and order.

More specifically, in order to succeed on an ineffective assistance of counsel claim, Mr. Mullane must show that his attorney's advocacy fell below an "objective standard of reasonableness," and that but for counsel's deficient representation, the result in his case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To prove counsel's representation was not objectively reasonable, "'the defendant [has] the burden of showing that counsel's action or inaction was not based on a valid strategic choice.'" *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002) (quoting Wayne R. LaFave, *Criminal Procedure* § 11.10(c) at 715 (2d ed. 1999)).

In this case, Mr. Mullane first contends that his counsel's advocacy at sentencing before the district court amounted to ineffective assistance. But a review of the record shows that Mr. Mullane's counsel implored the district court to grant Mr. Mullane a sentence reduction under USSG § 3B1.2 because, he argued, Mr. Mullane's role in the offense "was that of a mule" – that is, he only drove a truck containing drugs, he did not exercise control over the drugs, and he did not know where the drugs originated or to whom they were to be delivered. *See* Memorandum and Order, No. 03-10040-02-WEB (D. Kan. Sept. 13, 2006) (the "Memorandum and Order") at 9. Counsel also made a colorable analogy to Mr. Mullane's role as that of "an unskilled deliveryman at a construction site."

*See id.* While ultimately unsuccessful in his attempt to persuade the district court to exercise its discretion to impose a lower sentence, we see nothing in any of this to suggest that counsel did anything other than a credible job.

Mr. Mullane also argues that counsel was ineffective by failing to raise this same mitigation argument (which he contends was ineffectively presented in the trial court) on direct appeal. But counsel need not raise on appeal every nonfrivolous claim; rather, competent counsel do (and should) "select from among them in order to maximize the likelihood of success on appeal." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Furthermore, "if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission." *Id.* On direct appeal in this case, counsel focused his efforts on the district court's denial of defendant's motion to suppress. *See United States v. Mullane*, 123 Fed. Appx. 877 (10th Cir. Feb. 3, 2005) (unpub.). Although defendant's mitigation theory, premised on his being nothing more than a drug mule, is not foreclosed by our decisions, neither was it an obviously compelling basis for appeal. This Court is constrained to review a district court's factual findings about a defendant's role under the clear error standard. *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999). In sentencing Mr. Mullane, the district court in this case specifically found that "[t]he facts of

the offense suggest the defendant likely had ample knowledge of the plan and that he played an essential role, together with his co-defendant, in the distribution of the drugs," Memorandum and Order at 10-11; while perhaps not an insurmountable task, given our narrow standard of review, it would have been quite a row to hoe for counsel to show a specific finding along these lines to be clearly erroneous.  Accordingly, we cannot say counsel's decision not to pursue this issue to be anything other than a good faith, and reasonable, tactical judgment.

Lastly, we find meritless Mr. Mullane's separate argument that a jury must find facts relating to a prior conviction when they are used to enhance a sentence.[3] This argument is foreclosed by our (repeated) holdings that "the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions." *United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005); *see also United States v. Booker*,

---

[3] Mr. Mullane received two additional criminal history points under USSG § 4A1.1(d) (2003), for being on probation at the time he committed the instant offense.  In Mr. Mullane's Application for Certificate of Appealability, he asserts that his presentence investigation report ("PSI") states "it has no records of" the underlying probationary offense and because of this, the points were improperly attributed to him.  We find Mr. Mullane's assertion without merit; the PSI clearly explains that a warrant "remains active and outstanding" relating to a burglary he committed in Florida in 1994 and that Mr. Mullane was on probation "at the time he committed the instant offense."  PSI ¶ 56.  Because we find Mr. Mullane's argument unsupported by the record and, in the absence of any denial of the occurrence of the burglary offense itself, we are constrained to conclude that the criminal history points were properly added.

543 U.S. 220, 244 (2005) ("Any fact (*other than* a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).

✳  ✳  ✳

For the foregoing reasons, we deny Mr. Mullane's application for a COA and dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge