Noel REYNOLDS, Plaintiff-Appellee,

v.

George T. SLAUGHTER,
Defendant-Appellant.

No. 75–1840.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 29, 1976.

Decided Sept. 7, 1976.

Orville C. McCallister, Albuquerque, N. M., for plaintiff-appellee.

E. Douglas Latimer, Albuquerque, N. M., for defendant-appellant.

Before SETH, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an action for breach of a contract for sale and delivery of corporate stock of Fluid Power Pump Company. The amended complaint alleges that plaintiff and defendant entered into an oral contract for the purchase by plaintiff from defendant of 50,000 shares of stock of Fluid Power Pump Company for a purchase price of $17,187.50. It is further alleged that the stock had a value of approximately $1.50 per share and that pursuant to the contract plaintiff paid to defendant a sum of $14,382.62. Plaintiff tendered the balance and demanded the transfer of the stock.

In his answer the defendant generally denied the existence of a contract as well as the payment of the $14,382.62. The court found, however, against the defendant on the question of existence of an oral contract and the payment of the $14,382.62. The court also sustained the defendant-appellant's position that the contract for the sale and purchase of the stock could not be enforced because it was barred by the statute of frauds. Having found that plaintiff-appellee had paid the sum of $14,382.62 to defendant-appellant, the court went on to hold that even though a specific performance or a breach of contract remedy was not available due to the statute of frauds, the plaintiff was not without a remedy since Rule 54(c) allows restitution to be granted even though a party has failed to specifically request it in his pleading. The court thereupon said that restitution was the appropriate remedy for plaintiff (Reynolds) and that he was entitled to judgment in the amount of $14,382.62.

At the trial defendant-appellant claimed that plaintiff-appellee had paid the $14,382.62 to him as his share of a certain finders fee which had been received by plaintiff-appellee in connection with his negotiation of a loan on behalf of Fluid Power Pump Company. Defendant-appellant maintained that he was entitled to keep this sum of money as his share of the finders fee. The trial court found against defendant-appellant on this issue, concluding that the $14,382.62 was paid to defendant-appellant as the purchase price for the sale of stock in the Fluid Power Pump Company and was not a sharing of the finders fee. The evidence supports the court's finding.

Since neither party argues that the statute of frauds was not applicable, no issue as to this is before us. The sole question is, then, whether the court erred in awarding judgment to plaintiff-appellee on the theory of restitution in view of the procedural morass. Defendant-appellant's claim that it was error to allow such a recovery is wholly based on the contention that plaintiff-appellee elected irrevocably to affirm the contract and to sue for damages and/or specific performance. This, according to defendant-appellant, closed the door to a recovery of money paid to defendant under the mistaken belief that a contract existed. The trial court disagreed with this and so do we.

Both the New Mexico and the federal courts hold that the doctrine of election of remedies is not substantive but rather is a rule of procedure or judicial administration. *Buhler v. Marrujo,* 86 N.M. 399, 524 P.2d 1015 (1974); *Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc.,* 74 N.M. 458, 394 P.2d 978 (1964); *Bernstein v. United States,* 256 F.2d 697, 706 (10th Cir. 1958). The New Mexico Supreme Court has held that the doctrine did not bar the operation of its rule of civil procedure which allowed the granting of appropriate relief even

though such relief had not been demanded in the pleadings. *State of New Mexico ex rel. Gary v. Fireman's Fund Indemnity Company,* 67 N.M. 360, 355 P.2d 291 (1960) (". . . recovery should be allowed on quantum meruit even though the suit was originally framed on express contract . . .").

It is to be inferred from the New Mexico cases that the election of remedies doctrine has little existence in New Mexico at least in the instant context.

▪ Inasmuch as the court found that plaintiff-appellee paid the money in connection with the sale of the Fluid stock, defendant would be the one playing fast and loose with the court. It would be claiming that there was no enforceable contract and at the same time saying that plaintiff-appellee could not both affirm and rescind the identical contract. In final analysis, then, restitution is in accordance with equity and good conscience. This result is also in accordance with the governing law, as evidenced by the decisions of the New Mexico Supreme Court.

▪ Where a plaintiff has paid money in the mistaken belief that an enforceable contract exists, the plaintiff is entitled to recover the money paid, as restitution. Restatement of Restitution Section 15; Restatement of Contracts Section 355. To do otherwise would result in the unjust enrichment of the defendant. Restatement of Contracts Section 355, Comment.

> [Restitution] is a remedy given against a defendant who has failed or refused to perform his promise, the purpose of the remedy being to compel him to return to the plaintiff the value of any performance that he has received from the plaintiff by reason of the contract. While the defendant is not regarded as altogether a wrongdoer in refusing to perform his oral contract, if he fails to perform it he is under an enforceable duty to make restitution of value received.

Restatement of Contracts Section 355, Comment (b).

Even though Reynolds did not request restitution in his pleadings, the court's award is proper nonetheless under Fed.R. Civ.P. 54(c), which provides in part that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."[1] The rule gives effect to the federal rules' simplification of procedure and rejection of formalism. *See* 6 J. Moore, Federal Practice Par. 54.60. Under the rule, which has been liberally applied, the court is not restricted to the relief set out in the pleadings; rather, it should grant the relief which is consistent with the pleadings or proof. 6 J. Moore, Federal Practice Par. 54.62; *Matarese v. Moore-McCormack Lines, Inc.,* 158 F.2d 631 (2d Cir. 1946) (suit for damages was brought on an express contract, which was unenforceable; restitution granted).

*See, for example, State of New Mexico ex rel. Gary v. Fireman's Fund Indemnity Company, supra; Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., supra.* In *Honaker* the New Mexico court quoted with approval this court's statement through Judge Murrah in *Bernstein v. United States, supra,* which decision rejected the election of remedies as an outworn procedural doctrine.

It is our conclusion that the judgment of the trial court was correct and it is therefore affirmed.

---

**1.** New Mexico has patterned its rules of civil procedure on the federal rules. It has a Rule 54(c), N.M.Stat. Section 21–1–1 (Rule 54(c)), which is identical to federal Rule 54(c).