FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PATRICK A. TURNER,

      Plaintiff/Counter-Claim-
      Defendant–Appellee/Cross-
      Appellant,

v.

A. PASSMORE & SONS INC.,

      Defendant/Counter-Claimant–
      Appellant/Cross-Appellee,

and

JIM A. PASSMORE, individually and
his official capacity as agent of
defendant,

      Defendant/Counter-Claimant.

Nos. 07-6031 & 08-6097
(D.C. No. 5:04-CV-00793-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant A. Passmore & Sons, Inc. ("APSI") appeals from a jury verdict awarding damages in the amount of $200,000 to its former employee, plaintiff Patrick A. Turner.[1]  Mr. Turner cross-appeals, asking us to reverse the district court's decision denying his post-judgment motion for attorneys' fees, costs, and prejudgment interest.  Exercising jurisdiction over these appeals under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

## I.  APSI's Appeal (No. 07-6031)

### A.  Relevant Background

APSI, a trucking company in Altus, Oklahoma, hired Mr. Turner to be its general manger under an employment agreement dated August 28, 2003 ("Agreement").  Mr. Turner began work in September 2003 but left shortly after in February 2004.  In June 2004, he filed this lawsuit against APSI in federal district court, asserting a myriad of claims arising out of the parties' brief employment relationship.[2]  The only claim relevant to this appeal, however, is Count I, in which initially he charged APSI with breach of contract for terminating him in violation of the Agreement.  In support of this claim,

---

[1]    Mr. Turner's claims against APSI's founder, Jim A. Passmore, were resolved prior to trial and are not before us in this appeal.

[2]    Federal jurisdiction was premised on 28 U.S.C. § 1331 and § 1332, as Mr. Turner included some federal claims, not relevant here, and also alleged complete diversity of citizenship.

Mr. Turner alleged that APSI failed to timely pay him his Fourth Quarter 2003 bonus as required under the Agreement, and that this failure constituted a material breach of the Agreement and a termination of his employment. In June 2005, APSI successfully moved to dismiss the breach of contract claim on the basis that the Agreement did not alter the parties' at-will employment relationship under Oklahoma law.

Mr. Turner filed a First Amended Complaint ("FAC") in January 2006. The allegations in the FAC were substantially similar to those in the original complaint, but Mr. Turner changed the name of Count I from "Breach of Contract" to "Unjust Enrichment." As in the original complaint, he alleged that APSI "refused to pay [him] money for work he had already completed pursuant to [the] terms of the Contract." Aplt. App. at 54. APSI promptly filed a motion for summary judgment, seeking dismissal of the unjust enrichment claim. APSI argued that Mr. Turner's renamed Count I was simply an underhanded attempt to reallege his breach of contract claim based on wrongful termination, which the court had already rejected. By order dated March 1, 2006, the district court rejected APSI's argument and denied its request to dismiss Count I, the unjust enrichment claim. It held Mr. Turner had properly alleged that he had provided services to APSI, for which APSI had refused to compensate him.

On June 30, 2006, APSI filed a second motion for summary judgment, seeking dismissal of the unjust enrichment claim, and also seeking to invalidate

the Agreement's liquidated damages provision ("Section Five") as an unenforceable penalty under Oklahoma law. The district court denied this motion on August 16, 2006. With respect to the unjust enrichment claim, it held that "Turner's use of the phrase 'Unjust Enrichment' as the caption for Count I [did] not constrain the Court's treatment of [the claim] or its examination of the allegations supporting the same." *Id*. at 216 n.8. The court went on to note that it would construe Mr. Turner's claims so as to do substantial justice and stressed that "[t]he defendants . . .[had] had sufficient notice of this imprecisely-named cause of action and the allegations giving rise to it." *Id.* Those allegations, the court held, included Mr. Turner's claim that APSI had failed to timely pay him his Fourth Quarter bonus for the year 2003. It clarified that despite the parties' at-will employment relationship, Mr. Turner could "nevertheless recover those amounts, if any, that had accrued prior to the date of his departure," including "his Fourth Quarter 2003 bonus, if [he] [could] establish his entitlement to the same." *Id.* at 217 (citation omitted). The court reserved judgment as to APSI's challenge to Section Five pending a more thorough examination of the facts at trial.

On September 14, 2006, the jury returned a verdict in favor of Mr. Turner on Count I and awarded him $200,000 in damages. Pressing the same arguments as before, APSI moved for judgment as a matter of law under Rule 50 of the

Federal Rules of Civil Procedure.  The district court denied its motion and entered judgment on the jury verdict in favor of Mr. Turner.  This appeal followed.

## B.  Discussion

We review de novo the denial of a motion for judgment as a matter of law under Rule 50, making all reasonable inferences in favor of the non-moving party, in this case Mr. Turner.  *Smith v. United States*, 555 F.3d 1158, 1162 (10th Cir. 2009).  "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."  *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1280 (10th Cir. 2005) (internal quotation marks omitted).

APSI challenges the district court's decision to allow Mr. Turner's unjust enrichment claim to go to the jury as well as its enforcement of Section Five. Employing a shotgun approach with respect to its first argument, APSI contends that Count I of the FAC should have been thrown out for a variety of reasons.  It argues, for example, that Mr. Turner had an adequate remedy at law; that he should not have been allowed to pursue two theories based on the same set of facts; and that Count I was actually a breach of contract claim masquerading as unjust enrichment.  None of these arguments are persuasive.  The record plainly reveals that regardless of how he titled the cause of action, Mr. Turner alleged and proved at trial that APSI committed a material breach of their Agreement by

failing to pay him his Fourth Quarter bonus for the year 2003.[3] The breach of contract claim in Mr. Turner's original complaint sought redress for this breach, but also for APSI's alleged wrongful termination of his employment. The district court dismissed the latter aspect of the breach of contract claim under the employment-at-will doctrine. Perhaps unwisely, Mr. Turner elected to reallege his bonus claim under a theory of unjust enrichment. However, as we have previously observed, the federal rules are "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel." *Green Country Food Mkt., Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) (internal quotation marks omitted). And with this purpose in mind, the district court sent the so-called unjust enrichment claim to the jury, noting that APSI had been on notice from the inception of the case of its alleged misconduct and the *contractual* basis underlying Mr. Turner's claim for relief. For the same reason, we reject any notion that APSI was somehow prejudiced by the amendment of Mr. Turner's complaint or the jury's consideration of the unjust enrichment claim.

---

[3] We know this because the jury returned a verdict in Mr. Turner's favor on the unjust enrichment claim. Pursuant to Jury Instruction No. 12, it could not have done so unless Mr. Turner "prove[d] by the greater weight of the evidence the following essential elements: (1) that he was entitled to the incentive compensation or bonus under the terms of the parties' employment agreement; and (2) that [APSI] wrongfully failed to pay [him] the amount to which he was entitled." Aplt. Supp. App. at 25.

We also agree with Mr. Turner that the district court's judgment was mandated by Rule 54(c), which provides that a final judgment other than a default judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Again, this rule stresses the "federal rules' simplification of procedure and rejection of formalism." *Reynolds v. Slaughter*, 541 F.2d 254, 256 (10th Cir. 1976) (rejecting defendants' assertion that plaintiff elected irrevocably to sue only for breach of contract and affirming trial court's grant of restitution as consistent with proof under Rule 54(c)).

We also reject APSI's challenge to the district court's ruling concerning Section Five of the Agreement, the liquidated damages clause. Section Five required APSI, upon breaching the Agreement, to pay Mr. Turner "his monthly base compensation, and all previously used benefits, incentives . . . and perquisites for a period of 12 months as though he were employed." Aplt. App. at 31. The district court determined as a matter of Oklahoma law that this provision did not constitute an unenforceable penalty:

> Turner, who had the burden of establishing [the enforceability of Section 5], had proven by the greater weight of the evidence that the damages caused by a breach of the Agreement would be difficult to estimate accurately, that the parties intended to provide for damages rather than for a penalty and that the amounts set forth in Section 5 were a reasonable pre-breach estimate of Turner's probable loss.

*Id.* at 289 (citation omitted). It therefore concluded that if Mr. Turner could prove a material breach by APSI, he would be entitled to the damages set forth in

Section Five, and it later found no basis to overturn the jury's verdict. APSI has failed to persuade us that the district court's legal rulings on this issue were incorrect under Oklahoma law or that the evidence before the jury pointed but one way and was susceptible to no reasonable inferences in support of Mr. Turner's position. *Loughridge*, 431 F.3d at 1280. We therefore conclude that the district court correctly denied APSI's motion for judgment as a matter of law on this issue.

## II.  Turner's Cross-Appeal (No. 08-6097)

### A.  Timeliness

In his own post-judgment motion, Mr. Turner requested an award of attorneys' fees, costs, and prejudgment interest under the Agreement. The district court denied the motion, concluding that the jury had considered these amounts in calculating his damages award. Mr. Turner's cross-appeal seeks a review of this decision. First, however, we must examine our authority to consider the cross-appeal since Mr. Turner seemingly failed to file his notice of cross-appeal within the time limits set forth in Rule 4 of the Federal Rules of Appellate Procedure. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1250 (10th Cir. 2009) (reaffirming "our independent duty to examine our own jurisdiction") (internal quotation marks omitted)).

The district court entered its order denying the post-judgment motions on January 16, 2007. APSI filed a timely notice of appeal on February 9. Under

-8-

Rule 4(a)(3), Mr. Turner had fourteen days from that date, until February 23, to file a notice of cross-appeal as of right. Under Rule 4(a)(5), he had an additional thirty days, until March 25, to request an extension of that time period upon a showing of excusable neglect or good cause. But Mr. Turner, a reservist in the United States Army, was recalled to active duty and sent to Iraq in January 2007. And it is undisputed that he did not file his notice of cross-appeal, or seek an extension of the time period in which to do so, until April 23, 2008, about three months after his return. This was over a year past the deadlines set forth in Rule 4. He argues, however, that his notice of cross-appeal should be considered timely under the Servicemembers Civil Relief Act ("SCRA" or "Act"), 50 U.S.C. app. §§ 501-96, and a stay order that we issued under the Act.

### i. Jurisdiction

This court has long considered the time limit prescribed in Rule 4(a)(3) for asserting a cross-appeal to be mandatory and jurisdictional. *E.g., Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 889 (10th Cir. 1984); *cf. Woodruff v. Covington*, 389 F.3d 1117, 1120 (10th Cir. 2004) (stating that "[t]he time limits of Rule 4 are prerequisites to our jurisdiction" in considering whether notice of cross-appeal was timely under Rule 4(a)(3) (internal quotation marks and brackets omitted)). In a string of recent cases, however, the Supreme Court has admonished against the casual labeling of all inflexible deadlines as "jurisdictional." *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) (holding that

Bankruptcy Rule 4004 is not jurisdictional but an "inflexible claim-processing rule" that is forfeited if not timely raised); *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam) (holding the same with respect to Federal Rules of Criminal Procedure 33 and 45). "Clarity would be facilitated," the Court urged in *Kontrick*, if litigants and courts alike would refrain from labeling all claim-processing rules as "jurisdictional," explaining that the term is appropriate to describe only "prescriptions delineating the classes of cases . . . and the persons . . . falling within a court's adjudicatory authority." 540 U.S. at 455; *see also id.* at 454 (holding that "the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate").

In *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360 (2007), the Court expanded on the distinction between court-promulgated rules and limits enacted by Congress, stressing the jurisdictional significance of the latter. The Court held the district court had acted beyond its jurisdiction in that case by extending the petitioner's time period for filing an appeal by seventeen days when Congress had authorized district courts to extend the filing period by only fourteen days. The Court explained,

> Like the initial 30-day period for filing a notice of appeal, the limit on how long a district court may reopen that period is set forth in a statute, 28 U.S.C. § 2107(c). Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than

-10-

a simple "claim-processing rule." As we have long held, when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.

*Bowles*, 127 S. Ct. at 2366 (internal quotation marks omitted). As the Court noted, and as this court had already held in *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006), the thirty-day limit for filing a notice of appeal under Rule 4(a)(1) derives from statute and is therefore not merely an inflexible claim-processing rule, but a prerequisite to appellate jurisdiction.

By contrast, no federal statute prescribes the time period for filing a notice of cross-appeal. Therefore, the fourteen-day period set forth in Rule 4(a)(3) would appear to be a claim-processing rule, which does not delineate a class of cases that this court is competent to adjudicate. *See Kontrick*, 540 U.S. at 452, 454 (explaining that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction" and concluding that filing deadlines prescribed in certain court-promulgated bankruptcy rules "do not delineate what cases bankruptcy courts are competent to adjudicate"); *see also United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (holding that Rule 4(b)(1) is a claim-processing rule and not jurisdictional). We therefore conclude that Mr. Turner's failure to file a timely notice of cross-appeal does not create a *jurisdictional* impediment to this court's consideration.

Nonetheless, the Supreme Court requires judicial compliance with claim-processing rules when they are properly invoked by an adverse party. *See Eberhart*, 546 U.S. at 17 (holding that "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked"); *Mitchell*, 518 F.3d at 744 (holding that "the time bar in Rule 4(b) must be enforced by this court when properly invoked by the government"). The Second Circuit has applied this mandate to dismiss a cross-appeal filed just one day late, holding that the adverse party's challenge to the cross-appeal on timeliness grounds compelled a strict application of Rule 4(a)(3) under *Eberhart*. *In re Johns-Manville Corp.*, 476 F.3d 118, 120-24 (2d Cir. 2007). In this case, APSI invoked the time bar of Rule 4(a)(3) on April 28, 2008, when it filed an objection in the district court to Mr. Turner's motion for an extension of time to file his notice of cross-appeal. Accordingly, unless the notice of cross-appeal can be considered timely by virtue of the SCRA and this court's stay, dismissal of the cross-appeal would appear to be mandatory. *Eberhart*, 546 U.S. at 18. We therefore turn to Mr. Turner's arguments under the Act.

### ii. The SCRA

Two sections of the Act are arguably applicable, § 522 and § 526. Section 522 provides that a court may, on its own motion, and must at the servicemember's request, stay any proceeding in which a servicemember is a party, under certain conditions. Section 526 is a tolling provision that appears to

be triggered automatically when a servicemember is called to active duty. We address both provisions, beginning with the latter (i.e., § 526).

### a. Section 526

Section 526 provides in relevant part:

(a) Tolling of statutes of limitation during military service

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

50 U.S.C. app. § 526(a). It is debatable whether this section even applies under the circumstances of this case, since Mr. Turner is not seeking to toll a statute of limitation but a deadline in a pending action that was timely filed. But assuming it does apply, § 526 cannot save Mr. Turner's notice of cross-appeal from being late. It is undisputed that he was discharged from active duty no later than January 29, 2008, when he so advised this court. Accordingly, Mr. Turner's "period of military service" and its attendant tolling ended on that date, and the fourteen-day-time-period to file a notice of cross-appeal began to run. The fourteen days expired on February 12, 2008, and the additional thirty days allowed for an extension under Rule 4(a)(5) expired on March 13, 2008. Mr. Turner did not move for an extension of time until April 23, 2008. His argument under § 526 is therefore unavailing.

**b.  Section 522**

Section 522 provides in relevant part:

(b) Stay of proceedings

> (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . . .

50 U.S.C. app. § 522(b).  Mr. Turner successfully petitioned this court for a stay of APSI's appeal on March 15, 2007.  This was after his fourteen-day period to file a notice of cross-appeal as of right had expired, but only twenty days into the additional thirty days allotted under Rule 4(a)(5) for seeking an extension of time.  Our stay was in effect until April 21, 2008.  Accordingly, if we do not count the period of the stay in calculating Mr. Turner's cross-appeal deadline, he still had ten days from April 21, 2008, or until May 1, 2008, to file a motion under Rule 4(a)(5).  Since he filed such a motion on April 23, 2008, it would be considered timely.  This of course depends on construing the stay order as having suspended Mr. Turner's filing deadlines under Rule 4(a)(5).  We can do so for the reasons discussed above.  That is, because the filing deadline applicable to a notice of cross-appeal, *unlike* a notice of appeal, is not jurisdictional, but is set forth in a claim-processing rule, we have discretion to set it aside.  In this case, justice is best served by construing this court's stay order as having suspended all deadlines

applicable to the appeal, including the cross-appeal deadline.[4] Thus, Mr. Turner's clock recommenced on April 21, 2008, when the stay was lifted, and his notice of cross-appeal filed two days later was timely.

Of course, our determination that the notice of cross-appeal was timely leaves APSI without a proper challenge under Rule 4, and renders the Court's admonition in *Eberhart*, that claim-processing rules be strictly enforced when properly invoked, inapplicable to the facts of this case. We therefore proceed to the merits of Mr. Turner's cross-appeal.

## B. Merits

Mr. Turner claims he is entitled to his attorneys' fees, costs, and prejudgment interest under the Agreement, and accuses the district court of impermissibly basing its denial of these damages on a speculative finding that the jury included them in its damages award.[5] We review the district court's resolution of this issue for an abuse of discretion. *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1183 (10th Cir. 2008). But "we review de

---

[4] This result is most in harmony with the Act's purpose of "provid[ing] for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502(2).

[5] Quite apart from the Agreement, Mr. Turner also claims he is entitled to his attorneys' fees under Oklahoma law, *see* 12 Okla. Stat. tit. 12, § 936, but since he failed to make this argument to the district court, we decline to consider it on appeal. *See Rosewood Servs., Inc., v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005) (holding argument not asserted before district court is waived on appeal).

novo any statutory interpretation or other legal analysis underlying the district court's decision and review for clear error any supporting findings of fact." *Id.* (internal quotation marks omitted).

Section Sixteen of the Agreement provided that APSI would be held liable for attorneys' fees and costs incurred by Mr. Turner in order to enforce the Agreement. Aplt. App. at 33. In Section Six, APSI agreed to pay interest on any amount that it owed Mr. Turner at a rate of 1.5% per month. *Id.* at 31. The district court denied Mr. Turner's request for these amounts, however, because it concluded that "such items were presented to, and arguably considered by, the jury" in calculating Mr. Turner's $200,000 damages award. *Id.* at 290. We conclude that this finding of fact is clearly erroneous and must be vacated to the extent that it relates to Mr. Turner's request for attorneys' fees and costs. On the other hand, we conclude that the district court did not clearly err in denying Mr. Turner's request for interest.

The jury found, in a simple verdict form, that APSI was liable on Mr. Turner's claim for unjust enrichment and awarded damages on this claim in the amount of $200,000. The jury did not answer special interrogatories or otherwise indicate how it arrived at this amount. Accordingly, we must presume it calculated the award based on the Agreement—particularly, Section Five. Regarding Section Five, the district court specifically instructed:

> If you find that Turner has proven by the greater weight of the evidence that the failure to pay the bonus was a material breach of the parties' agreement, then you must decide the amount of compensation as outlined in Section 5 to which Turner is entitled.

Aplt. Supp. App. at 29 (Jury Instruction 13A); *see Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1287 (10th Cir. 2000) (holding that absent a reason to conclude otherwise, "[j]uries are presumed to follow the court's instructions").

Section Five of the Agreement set forth how Mr. Turner would be compensated in the event of a material breach by APSI, providing, in relevant part, that APSI would pay Mr. Turner his monthly base compensation, plus certain benefits, incentives, and perquisites, for a period of twelve months. In a pre-trial report filed in February 2005, Mr. Turner claimed that these damages equaled approximately $170,000. Aplt. App. at 37. At that point in time, he claimed an additional $30,000 in interest, for a total of $200,000, not including attorney's fees. This is the amount the jury ultimately awarded.

As for the interest, notably the entire Agreement was admitted into evidence, including the interest provision. And the jury heard extensive testimony concerning the timing of APSI's alleged breach, which would have been the accrual date for any interest liability. During his closing, Mr. Turner's counsel urged the jury to consider the Agreement's interest provision in arriving at an award. In light of this, we conclude that the district court's finding that the jury's award included an interest component was, at least arguably, correct.

More to the point, in our view the district court did not clearly err in making this finding.

On the other hand, there appears to be no sound basis for the court's identical assumption concerning attorneys' fees. Significantly, in contrast to prejudgment interest, the jury was not presented with any evidence of what Mr. Turner's attorneys' fees were in this case. Thus, if it had included an attorneys' fees award, the amount of that award would have been based on sheer speculation and could not have stood in any event. *See, e.g., Scott v. Anchor Motor Freight , Inc.*, 496 F.2d 276, 282 (6th Cir. 1974) (reversing as speculative portion of award representing attorneys' fees because of a complete lack of evidence as to proper amount).

The district court's assumption that the jury considered attorneys' fees in its calculation appears to be based on a few instances where attorneys' fees were mentioned during the course of the trial. At one point during Mr. Turner's cross-examination, APSI's lawyer asked him whether he had proposed the contractual provision relating to legal fees. Aplee. Supp. App. at 161. At another point, Mr. Turner testified that the attorneys' fees provision was the subject of intense negotiation between him and Jim Passmore. Aplt. Supp. App. at 9. And during his closing, Mr. Turner's counsel argued that damages, including legal fees

-18-

and costs, added up to $303,257.[6]  *Id.* at 11.  These stray comments did not constitute evidence from which the jury could calculate the amount expended by Mr. Turner to prosecute this lawsuit, and there is nothing to indicate that the jury was charged with making this calculation.  The district court therefore abused its discretion in denying Mr. Turner's request for attorneys' fees and costs based on an unfounded assumption.  *Cf. Gierlinger v. Gleason*, 160 F.3d 858, 874-75 (2d Cir. 1998) (holding that district court abused its discretion in presuming jury award included prejudgment interest because prejudgment interest was never mentioned).  On the other hand, as we noted above, the jurors did have before them the necessary information to calculate prejudgment interest under the Agreement, and we cannot say that the district court's finding that they included prejudgment interest in their award was clearly erroneous.  We therefore leave undisturbed the portion of its order denying Mr. Turner's request for prejudgment interest but reverse its denial of attorneys' fees and costs, and we remand for the calculation and award of these amounts.

---

[6]  He also stated that it was "within the jury's power to leave that subject to later presentation to the court."  *Id.*

### III. Conclusion

In appeal No. 07-6031, we **AFFIRM** the district court's order denying APSI's motion for judgment as a matter of law. In appeal No. 08-6097, we **AFFIRM** the district court's denial of prejudgment interest, but we **REVERSE** its denial of attorneys' fees and costs and **REMAND** for further proceedings consistent with this Order and Judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge