FILED
United States Court of Appeals
Tenth Circuit

February 29, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL ANTHONY McGAUGHY,

Defendant-Appellant.

No. 11-2030

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:07-CR-02052-JEC-1)**

---

Scott M. Davidson, The Appellate Law Office of Scott M. Davidson, Ph.D., Esq, Albuquerque, New Mexico, for Appellant.

David N. Williams, Assistant United States Attorney (Kenneth J. Gonzales, United States Attorney with him on the brief), Office of the United Staes Attorney, Albuquerque, New Mexico, for Appellee.

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, Circuit Judge, and **FREUDENTHAL**, Chief District Judge[*].

---

**TYMKOVICH**, Circuit Judge.

---

[*] The Honorable Nancy D. Freudenthal, Chief District Judge, United States District Court for the District of Wyoming, sitting by designation.

This case requires us to consider a district court's subject-matter jurisdiction to re-sentence a defendant under Rule 35 of the Federal Rules of Criminal Procedure after 14 days have passed from sentencing. We hold the 14-day limitation is jurisdictional and precludes a district court from acting on a Rule 35 motion after 14 days have passed.

Appellant Michael McGaughy pleaded guilty to possession with intent to distribute marijuana, and the district court sentenced him to 46 months' imprisonment. Months later, McGaughy filed a motion under § 2255 motion alleging ineffective assistance of counsel at sentencing and asking for re-sentencing. The district court conferred informally with the parties, and the government agreed to re-sentencing.

At re-sentencing, the district court again sentenced McGaughy to 46 months' imprisonment, and dismissed the § 2255 motion as moot.

McGaughy then filed another motion to correct sentence under both Rule 35(a) and § 2255—this time arguing that at re-sentencing the government presented materially false information regarding his efforts to cooperate with the government before pleading guilty. The district court denied the motion.

The district court's re-sentencing raises three related issues. First, whether the court retained jurisdiction to re-sentence McGaughy under § 2255 because it never granted the petition, instead dismissing it as moot after re-sentencing. Next, whether the district court had subject-matter jurisdiction to rule on

McGaughy's Rule 35(a) claim *after* the Rule's 14-day time limit lapsed. Finally, whether the district court properly denied McGaughy's second § 2255 claim. We conclude the district court had jurisdiction to re-sentence McGaughy, but that McGaughy's challenge to his re-sentencing is untimely because Rule 35's 14-day time limitation is jurisdictional. We agree with the district court that the second § 2255 motion was procedurally defaulted.

We therefore AFFIRM the district court's denial of McGaughy's § 2255 claim, VACATE the district court's denial of his Rule 35(a) claim, and REMAND with instructions for the district court to dismiss the Rule 35(a) claim for lack of jurisdiction.

## I. Background

Michael McGaughy is a trucker based in California. In October 2007, he drove his rig into the Port of Entry in Gallup, New Mexico. Officers at the Port of Entry selected McGaughy's rig for a safety inspection. The officers discovered several boxes containing marijuana and arrested McGaughy. In a two-count indictment, McGaughy was charged with possession of more than 100 kilograms of marijuana with intent to distribute, and conspiracy to do the same.

The government offered McGaughy the opportunity to cooperate in the prosecution of an alleged co-conspirator in exchange for a plea agreement and a government request for the court to depart downward from the United States Sentencing Guidelines range. McGaughy eventually attempted to accept this

offer.  The government revoked the offer, however, on the grounds that

McGaughy's testimony was no longer necessary to its prosecution of the co-

conspirator.

The parties ultimately reached a plea agreement in which McGaughy

pleaded guilty to the possession charge.  The agreement stipulated to McGaughy's

minimal role and acceptance of responsibility but did not mention his attempted

cooperation.

At sentencing, pursuant to the plea agreement and McGaughy's pre-

sentence report, the court calculated McGaughy's offense level at 21.

McGaughy's criminal history category was level IV, but the court lowered it to

level III, based on the pre-sentence report's finding that level IV overstated the

severity of McGaughy's past criminal conduct.  McGaughy did not seek a

downward departure.  The court therefore sentenced him to 46 months'

imprisonment, at the bottom of the applicable guidelines range.

Later, McGaughy timely filed a motion seeking habeas relief under § 2255.[2]

He alleged his attorney's failure to file a downward departure motion at

_____

[2] Motions under § 2255 are subject to a one-year period of limitation that, absent new factual or legal developments, runs from the date on which the judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  McGaughy's judgment became final on March 4, 2009, when his time to file a direct appeal expired.  *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005))).  McGaughy filed his § 2255 motion on March 1, 2010, within the one-year period of limitation.

sentencing constituted ineffective assistance of counsel, and he requested re-sentencing. The government initially opposed the motion. The court found the motion was potentially meritorious and ordered the record expanded. In light of this finding, the government agreed to re-sentencing.

The court never formally granted McGaughy's § 2255 motion. Instead, it issued an order vacating McGaughy's sentence and ordering re-sentencing. The order stated McGaughy could submit a sentencing memorandum and request a downward departure, and that both parties could submit evidence at the re-sentencing. McGaughy did so.

At re-sentencing the government recommended the court reimpose McGaughy's original 46-month sentence. McGaughy argued for a downward departure based on his attempted cooperation with the government, among other grounds. The court found McGaughy "offered to cooperate, but did not in fact cooperate." R., Vol. 1, Doc. 152 at 11 (sealed). The court again sentenced McGaughy to 46 months' imprisonment. The district court later dismissed McGaughy's § 2255 motion, on the grounds that the requested relief—re-sentencing—had already been given.

Following re-sentencing, McGaughy filed a motion to correct sentence, which included a claim under Federal Rule of Criminal Procedure 35(a) and a second § 2255 claim. Rule 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other

clear error." Fed. R. Crim. P. 35(a). In his motion, McGaughy argued the court based his sentence on materially false information provided by the government at re-sentencing. Specifically, he argued the government implied it was McGaughy, rather than the government, that reneged on the cooperation offer. He contended 28 U.S.C. § 3553 required the court to take into account his attempted cooperation, and that, since the court did not do so, it should vacate the sentence and hold another re-sentencing.

The district court denied McGaughy's motion. The court found Rule 35(a) was not an appropriate vehicle for relief because the rule was designed to correct arithmetical errors and other obvious mistakes, not to facilitate substantive legal challenges. The court also found that McGaughy's new § 2255 claim was procedurally barred because McGaughy could have raised the claim on direct appeal and failed to do so. In the alternative, it found the claim failed on the merits because the government had not provided false information or otherwise misled the court at re-sentencing.

## II. Analysis

We first consider whether the district court had jurisdiction to re-sentence McGaughy, even though it did not formally grant his first § 2255 motion. Next, we consider whether the court had jurisdiction over McGaughy's Rule 35 claim. Finally, we consider whether McGaughy procedurally defaulted his second § 2255 claim by failing to challenge his re-sentencing on direct appeal. Because we

resolve all of McGaughy's claims on jurisdictional and procedural default grounds, we do not reach the merits.

### A. McGaughy's First § 2255 Motion

The government argues that the district court never regained jurisdiction to re-sentence McGaughy because it never formally granted his first § 2255 motion. Therefore, the government argues, McGaughy's original sentence should be reinstated and his present appeal dismissed.

"A district court does not have inherent power to re-sentence defendants at any time," but has the power to do so only where authorized by statute, such as under § 2255. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). Typically, re-sentencing after a successful § 2255 petition proceeds as a matter of course.

Here, the government essentially conceded ineffective assistance of counsel, and the district court vacated McGaughy's sentence on that basis. The court then proceeded to re-sentencing, again sentencing McGaughy to 46 months' imprisonment. Finally, apparently believing it had not sufficiently resolved the motion, the court dismissed the motion as moot. The court reasoned that dismissal was appropriate because McGaughy had already received the relief his motion requested—that is, "his original sentence was vacated and [the court] thereafter conducted a second sentencing hearing." R., Vol. 1, Doc. 161 at 190,

Proposed Findings and Recommended Disposition, *United States v. McGaughy*,

No. 07-CR-2052 at 1 (D.N.M. Nov. 1, 2010).

Despite these concessions below, the government now claims the district

court lacked jurisdiction to re-sentence McGaughy because the court never

formally granted his motion, and ultimately dismissed it. To resolve this issue,

we start with the relevant language of § 2255, which authorizes the district court

to vacate a sentence when

> the court finds that the judgment was rendered without jurisdiction,
> or that the sentence imposed was not authorized by law or otherwise
> open to collateral attack, or that there has been such a denial or
> infringement of the constitutional rights of the prisoner as to render
> the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b).[1] The statute does not expressly discuss at what point a

§ 2255 motion must be granted. Rather, it authorizes the court to re-sentence the

defendant if the court finds one of three things:

[1] that the judgment was rendered without jurisdiction, or

[2] that the sentence imposed was not authorized by law or otherwise open

to collateral attack, or

[3] that there has been such a denial or infringement of the constitutional

rights of the prisoner as to render the judgment vulnerable to collateral attack. *Id.*

The applicable rules and policies of the district court similarly do not

---

[1] Section 2255(d) also states, "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

contain any discussion whether a § 2255 motion must be granted *before* the district court may proceed to re-sentencing, or whether it may be granted as a part of the re-sentencing. *See generally* Rules Governing Section 2255 Proceedings for the United States District Courts, *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/2254_2255_Rules.pdf. Logically, a court could not and will not vacate a sentence and proceed to re-sentencing without concluding the § 2255 motion is meritorious.

Courts interpreting § 2255 have long held it is the award (or denial) of relief that constitutes the critical action on a § 2255 motion. For example, in *Andrews v. United States*, 373 U.S. 334, 339–40 (1963), the Supreme Court held the courts of appeals did not have jurisdiction to review the grant of a § 2255 motion until *after* the requested relief had been given or denied. The Third Circuit recently elaborated on *Andrews*, explaining that the resolution of a § 2255 motion occurs when the district court either denies the motion or enters "one of the four enumerated 'order[s] . . . on the motion,'" i.e., discharge, re-sentencing, granting a new trial, or correction. *United States v. Hammer*, 564 F.3d 628, 632 (3d Cir. 2009). We have reached a similar conclusion, albeit in unpublished dispositions. *See United States v. Franks*, No. 98-7001, 1998 WL 847673 at *1 n.1 (10th Cir. Dec. 8, 1998); *United States v. Mullane*, 226 F. App'x 810, 811–12 (10th Cir. 2007). Other circuits concur. *See United States v. Stitt*, 459 F.3d 483, 485 (4th Cir. 2006); *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008).

Because § 2255 contains no requirement that a § 2255 motion be granted *before* re-sentencing, it is obvious the court's re-sentencing of McGaughy was a *de facto* grant of his § 2255 motion. What the court did here was no more than to approve the stipulation of the parties that the petition be granted, and McGaughy re-sentenced. This construction of the court's action is appropriate under the specific facts of this case, where both parties agreed that McGaughy received ineffective assistance of counsel, and the court vacated his sentence and re-sentenced him on that basis.

Because the re-sentencing constituted a simultaneous grant of the motion and award of relief, the district court's subsequent dismissal of the § 2255 motion was procedurally erroneous. But given the unusual factual and procedural posture here, the district court's course of action did not constitute a jurisdictional error under § 2255.[2]

### B. *McGaughy's Rule 35 Claim*

Next, the government argues the district court did not have jurisdiction to rule on McGaughy's Rule 35(a) motion because the Rule gives courts only 14 days to correct a sentencing error. Here, the 35(a) motion was *filed* within 14 days, but the court did not *rule* on the motion until several weeks later.

---

[2] We emphasize that this finding is addressed to potential jurisdictional error only. Because the district court acted pursuant to the consent of both parties, any claim of non-jurisdictional procedural error was waived.

Although the government did not raise any jurisdictional objections below, it is not precluded from raising them here. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Rule 35 allows a short window to correct sentencing error. "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Proc. 35(a).[3] Although McGaughy filed his motion to correct sentence exactly 14 days after the district court re-sentenced him, the court did not rule on the motion until several weeks later. Thus, if Rule 35(a)'s time limit is jurisdictional, then the court lost jurisdiction by not ruling on the motion the day it was filed.

Previously, in *United States v. Green*, 405 F.3d 1180, 1186 (10th Cir. 2005), we held Rule 35(a)'s time limit was jurisdictional. McGaughy contends this holding has been undercut by subsequent jurisprudential developments, namely, *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam), where the Supreme Court refined the effect of court rules on Article III jurisdiction. Some of our recent cases have acknowledged our precedent's potential inconsistency with *Eberhart*. *See United States v. McGinty*, 610 F.3d 1242, 1245 (10th Cir. 2010); *United States v. Sterling*, 225 F. App'x 748, 751 (10th Cir. 2007).

---

[3] Rule 35(a) formerly included a seven-day deadline; this was extended to 14 days in 2009.

In *Eberhart*, the defendant made an untimely motion for a new trial under Federal Rule of Criminal Procedure 33(a), which included a seven-day time limit from the time of the verdict. *Eberhart*, 546 U.S. at 13. The government did not object on timeliness grounds but opposed the motion on the merits. *Id.* at 13–14. On appeal, the government for the first time argued that the district court had no jurisdiction to entertain the motion due to the seven-day time limit, and the court of appeals agreed. *Id.* at 14. The Supreme Court reversed, holding that Rule 33's time limit was not a jurisdictional restriction, but merely a non-jurisdictional claim-processing rule that was forfeited if not raised in a timely fashion by an opposing party. *Id.* at 16.

In a subsequent case, *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court further explored the distinction between jurisdictional and non-jurisdictional time limits. *Bowles* addressed whether the time limit found in Rule 4 of the Federal Rules of Appellate Procedure was jurisdictional. *See id.* at 208. Rule 4 authorizes district courts to reopen the time for parties to file an appeal when the parties do not receive timely notice of an entry of judgment. *See id.* at 208–09. Rule 4 requires that a motion to reopen be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party received notice of the entry, whichever is earlier." *Id.* at 208.

The Court found Rule 4's time limit was jurisdictional, not a mere claims-processing rule. The Court explained the critical question is whether the time

limit has been specified by Congress; "[b]ecause Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Id.* at 212–13. The Court noted its "longstanding treatment of statutory time limits for taking an appeal as jurisdictional." *Id.* at 210. Thus, where Congress has "specifically limited the amount of time" in which courts may entertain a motion, "that limitation is more than a simple 'claim-processing rule.'" *Id.* at 213. That the restriction was based on *time* was significant; the Court differentiated *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), which held that Title VII's numerosity requirement was non-jurisdictional, on the grounds that "the statutory limitation was an employee-numerosity requirement, not a time limit." *Bowles*, 551 U.S. at 211. The Court concluded the rule at issue was jurisdictional because the time limit set forth in the rule originated from the statutory grant of authority contained in 28 U.S.C. § 2107(a). *Id.*

While *Bowles* seemed to provide clear guidance to the lower courts—statutory time limits are jurisdictional, non-statutory time limits are not—a more recent case, *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012), makes clear that our inquiry is not so simple. To be jurisdictional, the restriction on the court's authority not only must be specified by Congress—it must also express a clear Congressional intent to be jurisdictional. *See id.* at 648. While *Gonzalez* does not provide a clean test for divining such intent, it suggests courts must look

to a restriction's "textual, contextual, and historical backdrop." *Id.* at 652 n.8.

Textually, a statutory restriction need not go so far as to use the magic word

"jurisdiction," but must use "'clear' jurisdictional language." *Id.* at 649.

Contextually, the placement of a restriction within a statute is important. If the

restriction is connected to a grant of jurisdiction, then the restriction is likely

meant to qualify that grant; but if the restriction is "set off" from the grant of

jurisdiction, it may be non-jurisdictional. *Id.* at 651. Historically, certain types

of restrictions have long been held to be jurisdictional—the epitome of these are

time restrictions for taking an appeal. *See id.* at 650 n.6 ("In *Bowles* . . . we

emphasized our 'century's worth of precedent' for treating statutory time limits

on appeals as jurisdictional.").[4]

In applying these cases, we are mindful of our own recent precedents in

which we applied *Eberhart* and *Bowles* without the benefit of *Gonzalez*. These

precedents focus heavily on the statutory/non-statutory distinction. For example,

---

[4] *Gonzalez* was preceeded by *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), which examined the statute requiring claimants before the Board of Veterans' Appeals to take an appeal to the Court of Appeals for Veterans Claims within 120 days. *See id.* at 1204. In holding that the time limit was not jurisdictional, the Court noted "*Bowles* did not hold categorically that every deadline for seeking judicial review in civil litigation is jurisdictional." *Id.* at 1203. The Court, however, ultimately cabined the scope of its analysis to "review by an Article I tribunal as part of a unique administrative scheme." *Id.* at 1204. *See also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (finding the Copyright Act's requirement that copyright holders register their works before suing for copyright infringement to be non-jurisdictional because it "is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions.")

in *United States v. Garduno*, 506 F.3d 1287, 1290 (10th Cir. 2007), we held that Federal Rules of Appellate Procedure 4(b)(1)(A) and 4(b)(4), which govern appeals by defendants in criminal trials, were non-jurisdictional because they "do not have statutory grounding." *See also Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 369 (10th Cir. 2009) (finding that Federal Rule of Appellate Procedure 4(a)(3), governing cross-appeals, is non-jurisdictional because "no federal statute prescribes the time period for filing a notice of cross-appeal").

Particularly instructive is *Emann v. Latture* (*In re Latture*), 605 F.3d 830 (10th Cir. 2010). In that case, we held that Federal Rule of Bankruptcy Procedure 8002(a), which governs bankruptcy appeals, was jurisdictional. That was because the Rule arose from a specific statutory grant with time limitations. "Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)," and "the timeliness requirement . . . is located in the same section granting the district courts and bankruptcy appellate courts jurisdiction to hear appeals from bankruptcy courts." *Id.* at 837. Thus, we concluded Rule 8002(a)'s time limitation was jurisdictional. We reached that result even though § 158(c)(2) did not designate a fixed deadline, but rather incorporated Rule 8002(a) by reference, thereby giving statutory force to a judicially-created deadline. *See* 28 U.S.C. § 158(c)(2) ("An appeal . . . shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules.").

Since *Bowles*, every circuit to consider Rule 35(a)'s time limit agrees that it is jurisdictional. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011) ("The Supreme Court's recent decisions evaluating specific time limits in rules and statutes other than Rule 35(a) are not clearly irreconcilable with this court's prior precedent that Rule 35(a) is jurisdictional . . . ."); *United States v. Griffin*, 524 F.3d 71, 84 (1st Cir. 2008) ("Although § 3582 does not expressly reference [Rule 35(a)'s] seven-day limit, the entire rule is incorporated into the statute."); *United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007) ("Rule 35's time limitation derives from the limitation set forth by statute, 18 U.S.C. § 3582(c). Therefore, we hold that the seven-day time requirement set forth in Rule 35(a) is jurisdictional." (citation omitted)); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) ("Because § 3582(c) limits the substantive authority of the district court, [Rule 35(a)] is a real 'jurisdictional' rule rather than a case-processing requirement."); *see also United States v. Garcia*, 312 F. App'x 801, 805–06 (6th Cir. 2009) (adopting *Higgs* and *Griffin*).

Moreover, other courts have held that jurisdiction is lost after 14 days *even when the motion itself is timely filed*. *See Griffin*, 524 F.3d at 83–84 (district court lost jurisdiction where it vacated the sentence under Rule 35(a) within the prescribed period but did not conduct re-sentencing until after the deadline passed); *Higgs*, 504 F.3d at 458–59 ("[T]he seven-day limit in the Rule does not

-16-

apply to counsel's motion.  It is expressly in terms of the District Court's action.").

Although *Gonzalez* cautions us against relying too heavily on the statutory/non-statutory distinction, we join the other circuits in finding that Rule 35(a)'s time limit is jurisdictional.  The statutory provision providing the basis for Rule 35(a) states:

> (c)  Modification of an Imposed Term of Imprisonment.—  The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> . . .
>
> (B)  the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;

18 U.S.C. § 3582(c).  Textually, this statutory language operates as a "clear" and mandatory restriction on a court's authority.  *Gonzalez*, at 649.  In Rule 35(a), which the statute incorporates by reference, the time limitation and grant of authority are contained within a single sentence: "Within 14 days after sentencing, the court may correct a sentence that resulted from . . . clear error." Fed. R. Crim. P. 35(a).  Thus, both Rule 35(a) and the statute suggest an intent to constrain a court's authority to act outside the prescribed time limits.

Contextually, the time limit here is an integral part of the statutory grant of authority.  Section 3582(c)(1)(B), the provision that incorporates Rule 35(a)'s

time limitation, itself serves as the grant of authority: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). Thus, much like the timeliness requirement in *In re Latture*, Rule 35(a)'s deadline is given jurisdictional force by the very provision authorizing courts to correct errors. This provision contrasts with the restriction at issue in *Gonzalez*, which was "set off" from jurisdictional provisions in a different statutory subsection. *Gonzalez*, at 651.

Historically, Rule 35(a) does not have the pedigree of limitations on the time to appeal—on the contrary, many courts historically "recognize[d] the inherent power in a court to correct an acknowledged and obvious mistake." *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989); *cf. United States v. Rico*, 902 F.2d 1065, 1068 (2d Cir. 1990) ("[T]he district court has the inherent power to correct the sentence within the time fixed for filing a notice of appeal."). But the clear intent of Rule 35(a) was to restrict courts' authority. The Rule acknowledged courts' inherent power to correct sentences, but only within seven days (extended to 14 in 2009). *See* Fed. R. Crim. P. 35 Advisory Comm. Notes ("The Committee believed that the time for correcting such errors should be narrowed within the time for appealing the sentence to reduce the likelihood of *jurisdictional* questions in the event of an appeal. . . ." (emphasis added)). Thus,

when Congress enacted § 3582, it recognized courts' inherent power to correct clearly erroneous sentences, but *only* within the specified time.

A jurisdictional conception of Rule 35(a)'s time limit also comports with the Rule's purposes. A court's authority under Rule 35(a) is "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." *Id.* A strict time limit "reduce[s] the likelihood of abuse of the rule by limiting its application to acknowledged and obvious errors in sentencing." *Id.* Finally, to the extent obvious sentencing errors are not addressed within the time limit, the Notes contemplate that "a defendant detained pursuant to such a sentence could seek relief under 28 U.S.C. § 2255." *Id.*

In sum, we find that recent jurisprudential developments do not justify overturning *Green*. We join the other circuits in holding that Rule 35(a)'s 14-day time limit is jurisdictional. Thus, we find the district court had no jurisdiction to rule on McGaughy's Rule 35(a) claim past the 14-day limit.[5]

---

[5] In his Reply, McGaughy argues that a strict construction of Rule 35's time limit "is no longer viable in the post-*Booker* era, where district courts have much wider authority in sentencing." This reliance on *United States v. Booker*, 543 U.S. 220 (2005), is misplaced; *Booker* did not give us discretion to ignore statutory restrictions on our own authority. *See United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008).

Even if we had jurisdiction, we see no error. "The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred." *Green*, 405 F.3d at 1185. As the district court explained, McGaughy "has requested an evidentiary hearing and endeavors to prove that the Government misrepresented facts or made

(continued...)

### C. McGaughy's Second § 2255 Claim

McGaughy appeals his sentence with a claim styled as a § 2255 petition. It incorporates the same argument as his Rule 35(a) claim: that his sentence was based on the government's alleged misrepresentations at re-sentencing. McGaughy argues the district court should have held an evidentiary hearing to test the reliability of the government's representations to the court.[6]

The district court dismissed McGaughy's new § 2255 claim on the grounds of procedural default. Citing *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996), the court explained "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." Because McGaughy did not challenge his new sentence on direct appeal, the court found his § 2255 claim procedurally barred.

When a defendant fails to raise an issue on direct appeal, he is barred "from raising it in a § 2255 motion 'unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or

---

[5](...continued)
misleading suggestions relevant to sentencing. Such matters are not 'clear error,' and Rule 35(a) is not the proper mechanism to address them." R., Vol. 1, Doc. 162 at 199, Mem. Op. & Order, *United States v. McGaughy*, No. 07-CR-2052 at 5 (D.N.M. Feb. 3, 2011) (citation omitted).

[6] As the district court explained below, although this is the second § 2255 claim McGaughy has brought, it is not a "second or successive" petition for the purposes of § 2255(h) because it relates to a new sentence. *See Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010).

can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" *United States v. Hollis*, 552 F.3d 1191, 1193–94 (10th Cir. 2009) (quoting *United States v. Bolden*, 472 F.3d 750, 751–52 (10th Cir. 2006)); *accord United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *Ryan v. United States*, 645 F.3d 913, 915 (7th Cir. 2011); *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). "This procedural bar . . . applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); *accord Hollis*, 552 F.3d at 1193; *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009). The fundamental miscarriage of justice exception to procedural default is "a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)).

Here, McGaughy failed to appeal his sentence directly. He does not allege cause for his failure to directly appeal. Nor does he allege that a fundamental miscarriage of justice will result if we fail to consider his § 2255 claim. Given

these limitations, we agree with the district court that McGaughy's § 2255 claim was procedurally defaulted.[7]

### III. Conclusion

For the reasons stated above, we AFFIRM the district court's denial of McGaughy's § 2255 claim. We VACATE the district court's denial of McGaughy's Rule 35(a) claim and REMAND with instructions for the district court to dismiss the claim for lack of subject-matter jurisdiction.

---

[7] After finding McGaughy's § 2255 claim procedurally defaulted, the district court, in the interests of judicial efficiency, proceeded to address the merits of McGaughy's § 2255 claim. Because we find procedural default sufficient to dispose of the claim, we need not review the district court's alternative finding on the merits. Having said that, it appears McGaughy was given the opportunity to explain the nature and scope of his cooperation with the government and "present any pertinent evidence or legal argument." R., Vol. 1, Doc. 135 at 182. The district court concluded that a substantively reasonable sentence was the same as it had originally imposed, and we presume the sentence is reasonable on appeal because it is within the sentencing guidelines range. *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010).