FILED
United States Court of Appeals
Tenth Circuit

August 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH DELLVAUGHN FORD,

Defendant - Appellant.

No. 12-6021

W. D. Oklahoma

(D.C. Nos. 5:11-CV-00590-F &
5:10-CR-00059-F-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Petitioner, Kenneth D. Ford, seeks a certificate of appealability ("COA") so he can appeal the district court's disposition of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255 motion unless the movant first obtains a COA).  Pursuant to the terms of a plea agreement, Ford pleaded guilty to one count of possession with intent to distribute approximately 13.7 grams of a mixture or substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).  Eight other counts in the indictment were dismissed on the Government's motion.  Ford was sentenced to ninety-seven months' imprisonment and five years' supervised release.

Although Ford waived his right to appeal or collaterally challenge his conviction and sentence as part of his plea agreement, he filed the instant § 2255 motion on May 25, 2011. In the motion, Ford alleged: (1) his counsel was ineffective for failing to object to the application of a 100-to-1 punishment ratio for powder and crack cocaine, and (2) because he was found accountable for more than the 13.7 grams of crack cocaine charged in Count 9, the Government breached the plea agreement. The district court concluded Ford's first claim[1] fell within the scope of the waiver and Ford knowingly and voluntarily entered into the plea agreement and waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004). The court further concluded that enforcing the waiver would not result in a miscarriage of justice, rejecting, *inter alia*, Ford's assertion the waiver was rendered invalid by the ineffective assistance of counsel in connection with its negotiation. *See id*. at 1327; *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Accordingly, the district court enforced the waiver and dismissed Ford's first claim. The court considered the second claim on the merits,[2] concluding Ford was not entitled to relief because the agreement contains

[1]Because the district court concluded review of the issue was waived, it did not address the Government's argument that Ford was, in fact, sentenced pursuant to the Fair Sentencing Act of 2010, which reduced the disparity between crack and powder cocaine sentences from 100-to-1 to 18-to-1. Pub. L. 111–220 § 2, 124 Stat. 2372 (2010).

[2]The district court addressed the merits of the contract claim because the Government did not argue it was procedurally barred. *See United States v.*

(continued...)

no provision that the 13.7 grams charged in the indictment, which was used to determine the minimum mandatory sentence, would also be used to determine Ford's guidelines sentence. Instead, the parties stipulated that "at least 150 grams but less than 500 grams of cocaine base" was attributable to Ford for purposes of the calculation of his advisory guidelines range.

In his application for a COA and appellate brief, Ford challenges the district court's disposition of the two claims raised in the § 2255 motion; he argues the district court erred by resolving the claims without holding an evidentiary hearing; and he references new claims of ineffective assistance of counsel which this court will not address. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). This court cannot reach the merits of Ford's appeal unless we first grant him a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Ford must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating

---

[2](...continued)
*McGaughy*, 583 F.3d 1149, 1159 (10th Cir. 2009) ("[A] § 2255 motion is not available to test the legality of matters which should have been raised on direct appeal." (quotation omitted)).

whether Ford has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Ford need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Ford's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Ford is not entitled to a COA. The district court's resolution of Ford's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Because Ford's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Accordingly, this court **denies** Ford's request for a COA and **dismisses** this appeal. Ford's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-