**UNITED STATES COURT OF APPEALS** October 9, 2013

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BEAUX GORDON SINES,

     Defendant - Appellant.

No. 13-1205
(D.C. No. 1:05-CR-00436-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

     Defendant-Appellant, Beaux Gordon Sines, a state inmate appearing pro se,

appeals the district court's denial of his "Motion for Order Dismissing Detainer

Held by the United States Marshals—and to Amend Judgment." Because the

district court lacked jurisdiction to consider the motion, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

In November 2007, Mr. Sines pled guilty to possession of a stolen firearm. 18 U.S.C. § 922(j). He was sentenced to 84 months' imprisonment followed by a 3-year term of supervised release. See Sines v. Wilner, 2009 WL 236540 (D. Colo. July 31, 2009) (§ 2241 challenge). Shortly after completion of his federal term of imprisonment, Mr. Sines was arrested in September 2011 by Colorado authorities. The federal district court issued a warrant based upon an apparent violation of the terms of his federal supervised release. In May 2012, Mr. Sines pled guilty in Colorado state court and was sentenced to 7 years' imprisonment. In June 2012, the federal district court issued a writ of habeas corpus ad prosequendum regarding the apparent federal supervised release violation.

In January 2013, Mr. Sines admitted that he violated the terms of his federal supervised release and the district court revoked it and sentenced him to 24 months' imprisonment "to be served concurrently with the sentences imposed in . . . Colorado." Mr. Sines had argued that the federal sentence should be served first and run concurrently with his state sentence. Otherwise, Mr. Sines would be denied state custody rehabilitation programs given the presence of a federal detainer.

On or about January 25, 2013, Mr. Sines was returned to Colorado custody. However, upon handing Mr. Sines over, the U.S. Marshal filed a "Detainer Based on Federal Judgment and Commitment" with the CDOC. This detainer requested

that, prior to Mr. Sines's release from state custody, the CDOC "notify [the U.S. Marshals] at once so that [they] may assume custody of the subject for service of his Federal sentence and imprisonment," which the detainer listed as "24 months concurrent with state case." Aplee. Br. Att. 2.

On April 18, 2013, Mr. Sines filed the motion which is the subject of this appeal. He requested that the district court amend its prior judgment to reflect, among other things, that (1) the court recommend that Mr. Sines be credited with time-served for the period of October 18, 2011, to January 23, 2013, (2) his federal sentence was to be served concurrently with his state sentence, and (3) the detainer was only to operate if Mr. Sines was granted early release from state custody before the expiration of the 24-month period. The district court denied this motion, finding that its original judgment already satisfied Mr. Sines's demands to the extent possible.

Discussion

The government argues that the district court lacked jurisdiction to consider Mr. Sines's motion, and therefore this appeal should be dismissed on jurisdictional grounds. Aplee. Br. at 11-12. Mr. Sines recognizes this, but argues that because the district court did rule on his motion, "jurisdiction should be waived for purpose of this appeal." Aplt. Reply Br. at 1.

We are unable to do so; the jurisdictional inquiry cannot be precluded by

"waiver." <u>See</u> <u>United States v. McGaughy</u>, 670 F.3d 1149, 1155 (10th Cir. 2012). Even assuming that Mr. Sines might be seeking relief under Fed. R. Crim. P. 34 concerning arrest of judgment or 35(a) concerning correction of a clerical error, he is too late given the 14-day time limit on such motions, which is a jurisdictional bar. <u>McGuaghy</u>, 670 F.3d at 1158. Mr. Sines filed his motion on April 18, 2013, well after 14 days from the entry of his guilty plea (Rule 34) or sentencing (Rule 35). Thus, the district court properly held that it lacked jurisdiction under these provisions.

Mr. Sines disclaims reliance on 28 U.S.C. § 2241, advising the court that he has filed a separate § 2241 action concerning the detainer and pre-sentence confinement. Nor do we consider Mr. Sines's motion under 28 U.S.C. § 2255, because it challenges the terms and conditions of his detention—i.e., the imposition of a federal detainer—rather than the "legality of detention" itself. <u>See</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).

We finally note that any opinion from this court regarding credit for pre-sentence time served by Mr. Sines would be wholly advisory, as a sentencing court is without jurisdiction to award credit under 18 U.S.C. § 3585(b) for time served. <u>United States v. Jenkins</u>, 38 F.3d 1143, 1144 (10th Cir. 1994).

AFFIRMED.  We GRANT Mr. Sines's motion to proceed IFP, and GRANT the United States' Motion to Supplement the Record on Appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge