FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID GROSE,

      Defendant - Appellant.

No. 14-6108
(D.C. Nos. 5:13-CV-01027-F and
5:09-CR-00191-F-1)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant David Grose seeks a certificate of appealability (COA) to appeal the district court's denial of challenges to his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

Defendant, formerly the chief financial officer (CFO) of Quest, a publicly traded company, was convicted by a jury on three counts of wire fraud for the unauthorized transfer of $1 million from the company for personal use.  In computing Defendant's offense level at sentencing, the district court determined that it should consider three losses from relevant conduct:  $849,670 in kickbacks from a company vendor; an unauthorized transfer of $10 million to Jerry Cash, the chief executive officer (CEO) of the company; and $73 million in decreased Quest shareholder value associated with the public announcement of the CEO's misconduct.  The court calculated a guidelines sentence of life imprisonment, but the statutory maximum sentence was 60 years (720 months) and the court varied downward to 192 months' imprisonment.  We affirmed the sentence on appeal.  *See United States v. Grose*, 461 F. App'x 786, 789 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 213 (2012).

Defendant filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma.  He asserted seven claims:  (1) His sentence was far above that imposed on Cash, who was far more culpable, solely because Defendant exercised his Sixth Amendment right to a jury trial; such punishment for exercising his right to trial violated the Sixth Amendment.  (2) and (3) His sentence was increased by the district court's consideration of alleged offenses (leading to the three additional losses of almost $84 million) for which he had not been convicted by a jury beyond a reasonable doubt, in violation of his Fifth Amendment right to due process and

2

his Sixth Amendment right to a jury. (4) The government withheld exculpatory impeachment evidence in violation of *Giglio v. United States*, 405 U.S. 150 (1972). (5) He received ineffective assistance of counsel at trial. (6) He received ineffective assistance of counsel at sentencing. And (7) he received ineffective assistance of counsel on appeal. The district court denied relief on all claims and denied Defendant's request for a COA. He pursues the first four claims in this court.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied relief on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Defendant's first three claims are procedurally barred because he failed to raise them on direct appeal. To overcome the bar he must show cause and prejudice or a fundamental miscarriage of justice. *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

On Defendant's first claim—that he was punished for exercising his right to a jury trial—Defendant made no attempt below to challenge the procedural bar. No reasonable jurist could disagree that the district court properly denied relief on that claim.

On Defendant's second and third claims—that the Fifth and Sixth Amendments barred the use at sentencing of conduct for which he was not convicted by a jury beyond a reasonable doubt—he contended below that ineffective assistance of his appellate counsel provides cause. But counsel was not ineffective for failing to raise the claims on appeal, because the claims were meritless. *See Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004) (failure to raise meritless objections is not ineffective assistance). The claims are contrary to circuit precedent. *See United States v. Ray*, 704 F.3d 1307, 1314 (10th Cir. 2013). Defendant argues that the specific use of uncharged misconduct in his case is what conflicts with constitutional norms. But the only possibility we have left open for a constitutional challenge to the use of uncharged misconduct under the advisory sentencing guidelines is when the use of such evidence "increases a sentence by an extraordinary or dramatic amount." *Id.* (internal quotation marks omitted). There was no such increase here. Contributing 24 levels to Defendant's offense level of 43 was the total loss of more than $50 million. *See* USSG § 2B1.1(b)(1)(M). That contribution would be reduced to 14 levels for a loss of no more than $1 million (based on the offense of conviction), reducing his offense level to 33. *See id.* § 2B1.1(b)(1)(H). Given Defendant's criminal-history level of I, his guidelines sentencing range would be 135 to 168 months, not dramatically less than his 192-month sentence.

Defendant's final claim is that the government may have withheld exculpatory evidence that he could have used to impeach his codefendant, Jerry Cash, who testified at their joint sentencing hearing. Almost three years after Defendant was sentenced, the district court reduced Cash's sentence to 39 months from 108 months following sealed proceedings. Defendant argued below that if the sentence reduction was a reward for cooperation with the government, he could have used evidence of that cooperation to impeach Cash. He relied solely on press speculation that Cash was given a sentence reduction in exchange for his assistance in other prosecutions, although the speculation referred to the prosecution of someone other than Defendant in an unrelated case. The government responded that because the district judge had "reduced [the CEO's] sentence and sealed the record," he would be "aware of the reasons for the sentence reduction and that those reasons occurred after [Defendant's] sentencing hearing." Aplt. App., Vol. 3 at 244. The judge agreed that "[t]he reasons for reduction of [the CEO's] sentence occurred after defendant's sentencing" and denied relief. *Id.* at 387. Defendant has presented no evidence to contradict the first-hand knowledge of the judge. His claim is frivolous, if not offensive.

We DENY Defendant's application for a COA and dismiss the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

5