FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 12, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROSCOE CHAMBERS,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 22-3135
(D.C. No. 5:22-CV-03137-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Roscoe Chambers, a federal prisoner incarcerated in Leavenworth, Kansas,

proceeding pro se, appeals the district court's dismissal of his petition for a writ of

habeas corpus under 28 U.S.C. § 2241.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

In 2013, Mr. Chambers was found guilty of drug-trafficking offenses.  A district court in the Southern District of Iowa ("the sentencing court") sentenced him to 360 months in prison and an 8-year term of supervised release.  The Eighth Circuit affirmed the judgment on direct appeal.  Mr. Chambers subsequently filed a 28 U.S.C. § 2255 motion, which the sentencing court denied.

In September 2021, the sentencing court granted Mr. Chambers' motion for compassionate release and ordered his 8-year term of supervised release to commence immediately upon his release from incarceration.  The sentencing court required as a term of supervision that Mr. Chambers reside in a residential reentry center for an extended period.  But the next month, the sentencing court entered a judgment revoking his supervised release for failure to follow the rules of the residential reentry center and sentencing him to thirty days in custody, followed by an 8-year term of supervised release.  Mr. Chambers appealed, but the Eighth Circuit summarily affirmed the sentencing judgment.

In May 2022, the sentencing court again revoked Mr. Chambers' supervised release for failing to follow the rules of the residential reentry center.  It entered a judgment sentencing him to 24 months in prison, to be followed by an 8-year term of supervised release.  Mr. Chambers appealed that judgment to the Eighth Circuit.[1]

---

[1] On August 16, 2022, the Eighth Circuit affirmed the sentencing court's judgment (revoking Mr. Chambers' supervised release and imposing a 24-month custodial sentence, followed by an 8-year term of supervised release).

2

While his appeal was pending in the Eighth Circuit, Mr. Chambers filed a § 2241 petition in the district court in the District of Kansas, which is the district where he is confined. In it, he challenged the new sentence imposed upon revocation of his supervised release. He argued: (1) he didn't violate the conditions of supervised release; (2) his Sixth Amendment rights were violated because he was not able to confront the witnesses who wrote the incident reports that were entered into evidence at the revocation hearing; (3) the sentencing court improperly sentenced him to a 24-month custodial sentence, which was higher than the sentencing guidelines range; and (4) the sentencing court improperly sentenced him to an 8-year term of supervised release. In his request for relief, he demanded to be released from federal custody.

In its order, the district court did not reach the merits of the § 2241 petition. Instead, it explained that because Mr. Chambers was challenging the validity of his sentence, rather than the execution of his sentence, he needed to file a § 2255 motion in the court where he was convicted and sentenced, not a § 2241 petition in the district of confinement.

The court further explained that there is a narrow exception where a federal prisoner may file a § 2241 petition in the district of confinement, but only if the prisoner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). Because Mr. Chambers failed to show that the remedy in § 2255 was inadequate or ineffective

to test the legality of his detention, the district court concluded he could not proceed

under § 2241.  The court therefore dismissed the § 2241 petition.

II.  <u>Discussion</u>

"We review the district court's dismissal of a § 2241 habeas petition de novo."

*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation

marks omitted).  As we explained in *Brace*:

> A petition brought under 28 U.S.C. § 2241 typically attacks the execution
> of a sentence rather than its validity and must be filed in the district where
> the prisoner is confined.  A § 2255 motion, on the other hand, is generally
> the exclusive remedy for a federal prisoner seeking to attack the legality of
> detention, and must be filed in the district that imposed the sentence.

*Id.* (internal quotation marks, brackets, and citations omitted).  A § 2241 petition may be

appropriate to challenge the legality of detention, but the petitioner bears the burden of

demonstrating that the remedy in § 2255 is inadequate or ineffective, and such

circumstances are rare.  *See id.*

In his appellate brief, Mr. Chambers fails to address the district court's

determination that § 2241 is not the proper vehicle for his claims and that he must file a

§ 2255 motion in the sentencing court if he wants to challenge the validity of his sentence

because he has not shown that the § 2255 remedy is inadequate or ineffective.  Instead, he

reasserts the claims he raised in his § 2241 petition.  *See* Aplt. Br. at 3 (arguing that

(1) failure to follow the rules of the residential reentry center is not a violation of

supervised release and (2) the sentencing court sentenced him higher than the sentencing

guidelines range).  Mr. Chambers has failed to adequately brief how the district court

erred in dismissing his § 2241 petition, which provides a basis to affirm the district

court's dismissal. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (affirming district court where appellant "fail[ed] . . . to explain what was wrong with the reasoning the district court relied on in reaching its decision"). Moreover, we agree with the district court that because Mr. Chambers did not demonstrate that § 2255 is an inadequate or ineffective remedy to challenge his detention, it was proper to dismiss his § 2241 petition.[2]

III.  Conclusion

We affirm the judgment of the district court.

Entered for the Court
Per Curiam

---

[2] The district court stated at the end of its decision that Mr. Chambers may seek authorization from the Eighth Circuit to file a second or successive § 2255 motion in the sentencing court.  But we note that Mr. Chambers may not need authorization to file a § 2255 motion challenging the new sentencing judgment because it may not constitute a second or successive § 2255 motion.  *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (in § 2254 context, where "a new judgment interven[es] between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all") (internal quotation marks and citation omitted); *United States v. McGaughy*, 670 F.3d 1149, 1159 n.7 (10th Cir. 2012) (under *Magwood*, second § 2255 claim not second or successive "because it relate[d] to a new sentence").