FILED
United States Court of Appeals
Tenth Circuit

November 6, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAMAR TRAVELLE PALMS,

    Defendant - Appellant.

No. 24-5026
(D.C. Nos. 4:23-CV-00281-CVE-JFJ &
4:19-CR-00103-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Ramar Travelle Palms is serving a sentence for sex trafficking after having been convicted of coercing his girlfriend into prostitution. After his sentence was affirmed on appeal, he filed a federal habeas petition pursuant to 28 U.S.C. § 2255. The district court denied him a certificate of appealability. Since his claims are procedurally barred, we affirm the district court.

## I. Background

A jury in the Northern District of Oklahoma convicted Palms of one count of Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a)(1) and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2), one count of Attempted Obstruction of Sex Trafficking Enforcement in violation of 18 U.S.C. § 1591(d), and one count of Transporting an Individual for Prostitution in violation of 18 U.S.C. § 2421(a).  Evidence presented to the jury suggested that Palms had coerced his girlfriend, M.W., into prostitution.  Palms appealed his conviction, and we affirmed.  *United States v. Palms*, 21 F.4th 689 (2021).

After we affirmed the conviction, Palms filed a petition under 28 U.S.C. § 2255, in which he alleged that (1) the government committed prosecutorial misconduct by failing to correct alleged perjury by a witness, which denied him a fair trial, (2) his counsel was ineffective for failing to cross examine M.W. about her prior sex work, (3) his counsel was ineffective for failing to raise a Fourth Amendment challenge to a government search, and (4) the district court miscalculated his offense level when sentencing him.

The district court denied Palms's habeas petition, and it declined to issue a certificate of appealability, reasoning that Palms had not made a substantial showing of the denial of a constitutional right and that reasonable jurists would not find its resolution of the issues debatable.  Palms appeals the district court's denial of a certificate of appealability.

## II.  Legal Standards

"Without a [certificate of appealability], we do not possess jurisdiction to review the dismissal of a petition for a writ of habeas corpus."  *Tryon v. Quick*, 81 F.4th 1110, 1144 (10th Cir. 2023), *cert. denied*, No. 23-7085, 2024 WL 2709383 (U.S. May 28, 2024); s*ee* 28 U.S.C. § 2253(c)(1)(B).  "Where, as here, a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

2

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Sumpter v. Kansas*, 61 F.4th 729, 754 (10th Cir. 2023) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(2).

Palms seeks relief under 28 U.S.C. § 2255. "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). If a defendant does not present an issue on direct appeal, he may not raise it in his § 2255 motion unless "he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). "The fundamental miscarriage of justice exception to procedural default is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal quotation marks and brackets omitted).

### III. Discussion

As mentioned above, Palms articulated four bases for habeas relief at the district court. He argued that the government committed prosecutorial misconduct, that his legal representation was inadequate in two independent instances, and that the district court erred in computing his offense level at sentencing. On appeal, Palms's brief only mentions his prosecutorial misconduct theory. We construe the other three theories as waived.

3

Palms failed to raise his prosecutorial misconduct argument on direct appeal, so we may only grant relief on this basis if he "can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Warner*, 23 F.3d at 291. Palms's brief does not show cause, so we limit our analysis to whether he has shown a fundamental miscarriage of justice.

A habeas petitioner may overcome a procedural bar by "making a proper showing of actual innocence," which requires "new evidence that shows it is more likely than not that no reasonable juror would have convicted the petitioner." *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019) (brackets omitted). *See also Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016) ("A prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence."). "'New evidence' is 'relevant evidence that was either excluded or unavailable at trial.'" *Miles*, 923 F.3d at 804 (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Palms has not carried his burden. As an initial matter, Palms does not even argue that he is factually innocent of the charges against him. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (petitioner can show a fundamental "miscarriage of justice" if he "has a colorable claim of factual innocence"). That alone is enough to deny the certificate of appealability.

But even if he had, Palms fails to show actual innocence because the evidence he offers does not establish that "it is more likely than not that no reasonable juror [could] have convicted" him. *Miles*, 923 F.3d at 804. Palms argues that the alleged victim of his

4

crime, M.W., worked as a prostitute *before* meeting him, which undermines the theory that it was he who coerced her into prostitution.  He points to evidence that M.W. had listed an advertisement for prostitution services before she met him, and that she was introduced to this work by a former friend.  But this evidence does not make it "more likely than not" that Palms is innocent.  M.W.'s previous work as a prostitute would not preclude a reasonable juror from concluding that *at the time of the crimes for which he was tried*, he had procured her involvement in the sex trade by fraud or coercion.  Since Palms's evidence does not show that "it is more likely than not that no reasonable juror would have convicted [him]," *Miles*, 923 F.3d at 804, he fails to show actual innocence.

## IV.  Conclusion

We deny Palms's request for a certificate of appealability.

Entered for the Court
.

Timothy M. Tymkovich
Circuit Judge